MARY WESTON, Respondent, *v.* THE CITY OF TROY, Appellant.

In an action for a personal injury, based on defendant's negligence, to authorize a recovery, absence of negligence on the part of plaintiff contributing to the injury must be shown either by direct proof or by circumstances : no presumption arises from the happening of the injury and proof of defendant's negligence, that plaintiff was free from blame.

The presumption which a wayfarer may indulge that the streets of a city are safe, and which excuse him from maintaining a vigilant outlook for danger has no application where the danger is known and obvious.

Plaintiff fell upon a sidewalk on one of defendant's streets and was injured. In an action to recover damages, negligence on the part of defendant was shown. It appeared that plaintiff in passing over the sidewalk on a clear, cold day, stepped upon a ridge of ice, formed by the discharge of water from a conductor on a building adjoining the street. This ridge was several inches high, and two or three feet wide. It was covered by an inch or two of light snow, but was plainly visible and formed a dangerous obstruction. No evidence whatever was given as to the exercise of any care by plaintiff. *Held*, the evidence was insufficient to sustain a verdict for plaintiff.

(Argued June 28, 1893 ; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 2, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff by falling on a sidewalk in the city of Troy.

The facts, so far as material, are stated in the opinion.

*William J. Roche* for appellant. The plaintiff was under obligation to show affirmatively that she did not, by any act or omission of her own, cause or contribute to the injury which she sustained. (*Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y. 465; *Hart* v. *H. R. B. Co.,* 84 id. 56; *Borden* v. *D., L. & W. R. R. Co.,* 131 id. 671; *Kinney* v. *City of Troy,* 108 id. 567.) It cannot be fairly claimed that the ice was the proximate cause of the plaintiff's fall. (*Taylor* v. *City of Yonkers,* 105 N. Y. 203; *Johnson* v. *Vil. of Glens Falls,* 41 N. Y. S. R. 820; *Gillrie* v. *City of Lockport,* 122 N. Y. 403.)

*Charles E. Patterson* and *Frank J. Parmenter* for respondent. The trial court ruled correctly in submitting to the jury the question of the defendant's negligence. (*Todd* v. *City of Troy,* 61 N. Y. 506; *Gillrie* v. *City of Lockport,* 122 id. 403.) The trial court ruled properly in denying the defendant's motion for a nonsuit upon the ground that the plaintiff was not shown to be free from negligence, and in submitting to the jury the question as to whether or not there was contributory negligence upon her part. (*McGuire* v. *Spence,* 91 N. Y. 303.)

ANDREWS, Ch. J. It is a fundamental principle in the law of this state that, in an action for a personal injury based on negligence of the defendant, the absence of negligence on the part of the plaintiff, contributing to the injury, must be affirmatively shown by the plaintiff either by direct proof or by circumstances, and that no presumption arises from the mere happening of an injury and proof of negligence on the part of the defendant, that the plaintiff was free from blame. (*Reynolds* v. *N. Y. C., etc., R. R. Co.,* 58 N. Y. 248.)

The plaintiff was injured by falling on a sidewalk in Troy in March, 1885. Her leg was broken, and she recovered a moderate verdict. We think a case of neglect by the city was made out, and we should affirm the judgment of the General Term which sustained the recovery, but for the reason that it

would make a precedent for overturning the rule to which we have adverted.    The proof shows that the plaintiff was passing over a sidewalk on Madison street, in the forenoon of a clear, cold day in March, adjacent to the saloon of one Foley, and stepped upon a ridge of ice formed by the discharge of water from a conductor on the outside of Foley's building, and that she fell, sustaining the injury complained of.    There is no shred of evidence as to the exercise by the plaintiff of any care on the occasion.    An inch or two of light snow, which had fallen the night before, covered the ice, thereby rendering it more dangerous.    The ridge, according to the plaintiff's witnesses, was formed by the water overflowing from a gutter leading from the house where the water was discharged across the sidewalk to the roadway, and then congealing, the ridge being several inches high and two or three feet wide.    The evidence on the part of the plaintiff tends to show that the ridge of ice was plainly visible, and that it formed a dangerous obstruction to the use of the sidewalk was shown by the fact that two other persons had fallen there on the same day the plaintiff fell, and another person two or three weeks before.    Whether the plaintiff saw the ridge before stepping upon it does not appear, nor was it shown whether she was walking fast or slow, or what attention she was paying, if any, to the condition of the sidewalk. If she discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care, have kept on her way.    But she could not heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed.    The presumption which a wayfarer may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious.    If the plaintiff did not discover the ridge and passed along relying upon the walk being safe, or supposing if she saw the ridge, that it was made by compacted snow, and not by ice, these and other circumstances

might have been shown to meet the burden the law places upon a plaintiff suing for negligence of being himself free from fault. But no evidence whatever was given by the plaintiff to meet this condition.

It is said by counsel that this was a mere inadvertence, and he asks us in substance to hold that the mere happening of the accident, by stepping upon the ridge, when it was covered with a light snow, made the question of contributory negligence one for the jury. We cannot assent to this view.

The judgment should, therefore, be reversed and a new trial granted.

All concur, except Peckham and O'Brien, JJ., dissenting.

Judgment reversed.