ZOE NEDDO, Appellant, *v.* THE VILLAGE OF TICONDEROGA, Respondent.

*Municipal corporation — damages caused by defects in its streets — contributory negligence — burden of proof — presumption as to the safety of a street — point of danger, how approached.*

To maintain an action against a municipal corporation to recover damages, alleged to have been sustained by reason of a fall occasioned by the defective condition of a street, it is necessary for the plaintiff to prove the absence of contributory negligence on her part; she is not entitled to the benefit of any presumption to establish the absence of negligence on her part, and where the circumstances point as much to such negligence as to its absence she is not entitled to recover.

The presumption, which a traveler may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious.

When a person approaches a point of danger it is his duty to do so with a care and caution commensurate with the dangers of the locality.

APPEAL by the plaintiff, Zoe Neddo, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Essex on the 6th day of June, 1893, upon the decision of the court rendered after a trial at the Essex Circuit, dismissing the plaintiff's complaint upon the merits.

*Francis A. Smith*, for the appellant.

*C. B. McLaughlin*, for the respondent.

HERRICK, J.:

The sidewalk on Lake George avenue, a street in the village of Ticonderoga, was a plank walk about four feet wide, and at the point where the accident happened which gives rise to this action, a section of the said plank walk, some thirteen or fourteen feet in length, had been taken up to enable wagons to cross carrying stone and building materials for the erection of a building upon a lot in front of which the said plank walk had been removed.

From the top of the sidewalk to the earth where the plank walk had been removed there was a space of some eight or ten inches. The grade of the street at that point was descending, and it also sloped from the sidewalk towards the street; the soil was clay.

The crossing of loaded wagons over the sidewalk where the planks had been removed cut it into ruts.

Upon the day of the accident it had been raining, and the clay was wet and slippery.

The plaintiff had passed back and forth several times a day for a number of days prior to the accident, over the sidewalk where the planks had been removed.

On the afternoon of the fifteenth of August, the plaintiff, in company with several other females, was returning to her home from the place where she was employed, by way of the sidewalk in question; she stepped from the plank sidewalk on to that portion of the sidewalk from which the planks had been removed, took one or two steps, slipped on the clay and fell to the ground, and sustained injuries for which she seeks to recover damages in this action.

At the close of the testimony the court granted a motion for a nonsuit, and from the judgment entered thereon the plaintiff appeals to this court.

To maintain her action it is necessary for the plaintiff to show the absence of contributory negligence on her part. (*Weston* v. *City of Troy*, 139 N. Y. 281.)

The burden of proof was upon her, and she is not entitled to the benefit of any presumption to establish lack of negligence on her part, and where the circumstances point as much to negligence as to its absence, she is not entitled to recover. (*Wiwirowski* v. *L. S. & M. S. R. R. Co.*, 124 N. Y. 420; *McDonald* v. *L. I. R. R. Co.*, 116 id. 546–550.)

In this case there seems to be an entire absence of evidence of the lack of contributory negligence on the part of the plaintiff; she knew of the absence of the plank sidewalk; she had passed over it repeatedly several times a day for some days before the happening of the accident; at the time of the accident it was broad daylight, and yet she went upon this rough slippery ground the same as if it were an ordinary sidewalk. "The presumption which a wayfarer may indulge that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious." (*Weston* v. *City of Troy*, 139 N. Y. 281–283.)

When a person approaches a point of danger it is his duty to do so with a care and caution commensurate with the dangers of the locality.

There is no evidence in the case, either from the plaintiff herself, or from any other witness, to show that the plaintiff exercised any care or took any precaution, or in any way walked or attempted to walk over the place in question, in any different manner from what she did over the sidewalk that had not been removed. The only evidence that I have been able to find bearing upon the subject is the following, from Grace Moses, one of the plaintiff's witnesses: "Q. How were you walking? A. We were walking single file when she fell. Q. At what rate were you walking? A. We wasn't walking very fast. Q. An ordinary walk? A. Yes, sir. Q. Describe how you were walking? A. We were walking just as we naturally walk. We were coming home from our work, and we were walking as we would naturally walk. That is all." And again upon the cross-examination: "What discussion did you and the girls have, if any, in reference to this place in going across it?

A. We knew the mud was slippery, and we went across very carefully. Q. Was that talk between you and Miss Neddo and the girls? A. No, sir; it was not talked, but I had it in my mind."

The plaintiff, upon her examination, testified as follows: "Q. How were you walking? A. Single file. Q. How fast were you walking? A. Not very fast, as usual. Q. An ordinary walk? A. Yes, sir."

From this testimony I fail to see that there is any evidence showing a lack of contributory negligence, or any fact disclosed from which the jury could infer a lack of contributory negligence on the part of the plaintiff, and a lack of such evidence is fatal to the plaintiff's cause of action.

What the witness Moses had in her mind, as she expressed it, had nothing to do with the plaintiff, and has no bearing upon the question of plaintiff's conduct.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.