CHARLES DISTLER, Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

*Boarding a train in motion — presumably negligence — direction of the conductor not sufficient to overcome the presumption.*

It is, presumably, negligence to attempt to board a train upon a steam railroad when it is in motion.

In an action brought to recover damages for personal injuries sustained by the plaintiff when boarding the defendant's train while in motion, unless the presumption of negligence resulting therefrom is overcome, there can be no recovery.

The fact that the conductor of a train called to the plaintiff to get on the train when in motion is not sufficient to relieve the plaintiff from the charge of contributory negligence in doing so.

APPEAL by the plaintiff, Charles Distler, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 24th day of October, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Kings County Circuit, and also from an order entered in said clerk's office on the 6th day of November, 1893, dismissing the plaintiff's complaint.

*M. L. Towns,* for the appellant.

*W. C. Beecher,* for the respondent.

DYKMAN, J.:

This action is based upon negligence; the plaintiff was nonsuited at the Circuit, and from the judgment dismissing his complaint he has appealed to this court.

As a special train upon the defendant's road was approaching the East New York-station it slowed down for another railroad crossing without intending to stop at the station. It was not scheduled to stop there. As the train approached the crossing and the station, which was near, the plaintiff was waiting to board it, and the conductor called out to him to get on. As he jumped upon the step of the car it started suddenly forward, and he was thrown to the ground and seriously injured.

The plaintiff was nonsuited at the Circuit, and has appealed from the judgment dismissing his complaint.

It is exceedingly hazardous to attempt to board a train upon a steam railroad when in motion. According to the law, as settled in this State, it is presumably negligent, and unless such presumption of negligence is overcome by testimony offered by the plaintiff there can be no recovery in such a case.

To excuse such an act and free the plaintiff from the charge of contributory negligence. there must be a coercion of circumstances which did not leave the passenger the free· and untrammelled possession of his faculties and judgment. (*Solomon* v. *Man. El. R. R.*, 103 N. Y. 437 ; *Hunter* v. *Cooperstown & S. V. R. R. Co.*, 126 id. 18.)

In this case there was no coercion of circumstances, and the presumption of contributory negligence must prevail against the plaintiff.

The judgment should be affirmed, with costs.

PRATT, J., concurred ; BROWN, P. J., not sitting.

Judgment affirmed, with costs.