THOMAS M. SCULLY, Respondent, v. THE NEW YORK, LAKE ERIE
AND WESTERN RAILROAD COMPANY, Appellant.

*Damages for personal injuries — proof of negligence and absence of contributory negligence is essential to a recovery — the rate of speed of a railroad train is not the subject of expert testimony.*

In an action brought to recover damages resulting from personal injuries sustained by reason of the alleged negligence of a railroad company, it is incumbent upon the plaintiff, in order to recover, to prove affirmatively the negligence of the defendant and the absence of contributory negligence on his own part.

The rate of speed of a railroad train is not purely within the knowledge of experts, and is not, therefore, the subject of expert testimony, and while a witness to give testimony upon that subject must have some knowledge or experience upon the subject, he is not required to have the degree of knowledge peculiar to experts, called upon to testify where expert testimony is required, and to give opinions based upon hypothetical questions.*

Upon the trial of an action brought to recover damages resulting from personal injuries, sustained by reason of the alleged negligence of a railroad company, it was shown that the plaintiff, a passenger on the defendant's cars, while the same were moving at the rate of speed of from six to ten miles an hour, got down upon the steps of the caboose on which he was riding, and jumped from them to the ground, and falling sustained the injuries of which he complained.

At the time of the accident the train had passed the station to which the railroad company had sold the plaintiff a ticket; the conductor of the train stood on the steps at the opposite end of the car, and signaled the engineer to stop, and called to the plaintiff not to alight. The plaintiff saw the signal given, but did not hear the conductor's warning to him.

*Held*, that the proximate cause of the injury was the plaintiff's alighting from the car while the same was in motion;

That while the defendant was guilty of a violation of its duty to the plaintiff in not stopping its train at the station to which it had sold a ticket to the plaintiff, the plaintiff had failed to show the absence of contributory negligence on his part and could not recover.

APPEAL by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 1st day of June, 1893, upon the verdict of a jury rendered after a trial at the Sullivan Circuit, and also from an order made at the Sullivan Circuit on the 24th day of May, 1893, and

* See 78 Hun, 13.

entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondent.

MAYHAM, P. J.:

The principal contention on this appeal is whether the plaintiff was free from negligence, which contributed to the injury of which he complains, in alighting from the car of the defendant while the same was in motion.

It is not denied that the defendant, in not stopping its train at the station to which the plaintiff was ticketed, failed in its duty toward him, but it is insisted that the plaintiff, in alighting from the car while the same was in motion, was guilty of such an act of negligence on his part as to preclude any recovery for injury resulting to him from that act.

The evidence discloses that while the car was in motion, running at a rate of speed variously estimated by witnesses from six to ten miles an hour, the plaintiff got down upon the steps of the caboose upon which he was riding, and jumped from there to the ground, on reaching which he fell and sustained the injury complained of.

At the time of the accident the conductor of the train stood on the steps at the opposite end of the car and signaled the engineer to stop, by the use of the well-understood and appropriate signal for that purpose, and hallooed to the plaintiff not to alight, which signal the plaintiff saw given, but did not hear the conductor's warning.

The proximate cause of this injury was the plaintiff's alighting from the car while the same was in motion. If he had remained upon the car the accident could not have happened. Was his alighting from the car, under the circumstances of this case, negligence? The case does not disclose any coercion of the plaintiff, or apparent immediate necessity for leaving the car at this time, farther than his natural and reasonable desire to alight at the point of his destination, at which his ticket entitled him to be left.

It was in the day-time, and the car had gone about 100 yards past the depot when he jumped from it and received the injury.

This act, unexplained, seems clearly to establish negligence on the part of the plaintiff within a number of recent adjudications in the Court of Appeals. In *Hunter* v. *C. & S. V. R. R. Co.* (112 N. Y. 375) the court say : "Persons are taught from their earliest youth the great danger attending upon an attempt to board or leave a train while it is in motion ; and no person of mature years and judgment but has the knowledge that such an attempt is dangerous in the highest degree."

And again, in the discussion of the same case on a subsequent appeal (reported in 126 N. Y. 18), the same court uses this language : "To alight from or to board a train in motion is a negligent and hazardous act, which can only be made to appear excusable when, in the situation of the person, he is under such a coercion of circumstances as to raise a fair question as to whether he was really in the free possession of the use of his faculties and judgment."

If, after this train had passed the station at which the defendant by its contract was required to allow the plaintiff to alight, he had discovered that it was about to collide with another train, or any other accident had happened to it, so that the life of the plaintiff had been put in jeopardy, and he had under such circumstances jumped from the car and been injured, he would, under such conditions, within the decision above quoted, have been freed from the imputation of negligence, and the defendant, by its negligence in carrying him past the place of his destination, would have been liable.

Or if, without any fault of his, he had, pursuant to the request or direction of this defendant's conductor in charge of the train, alighted at this point while the car was in motion, it might not lie with the defendant to insist that the plaintiff was guilty of contributory negligence ; at least it would then, within the case of *Bucher* v. *The N. Y. C. & H. R. R. R. Co.* (98 N. Y. 121), have been a question of fact, within the language of MILLER, J., " for the jury to say whether any such directions were given by the conductor as authorized the plaintiff to get off of the cars at that time, or made him chargeable with contributory negligence for so doing."

But in this case no such conditions were proved to exist. The train was moving on without any apparent danger of accident, and there is no proof that the defendant's conductor gave or intended

to give the plaintiff any direction by word or signal to alight from the car.

It is true that the learned trial judge left it to the jury to determine whether any signal was given to the plaintiff by the conductor to alight from the car, and if the signal were such that the plaintiff could fairly and reasonably understand that it was intended as a signal from the conductor to him to alight, it would have had the same significance as if words were used. This part of the charge was excepted to by the defendant, and we think the objection was well taken. The jury were thus invited or permitted to enter the domain of conjecture and to speculate as to the manner in which the plaintiff might have understood or interpreted a signal, the significance of which was wholly unknown to him, but which was a well-understood signal between the conductor and engineer of the defendant, and possibly the only one by which the conductor could communicate to his subordinate his wishes or orders in reference to the conduct of the train.

There was no evidence that this signal was intended to influence the action of the plaintiff; on the contrary, the only evidence in reference to the significance of the same was that it was an order to the engineer, and the plaintiff himself does not claim, except by inference, that he understood it as a signal to him to alight, while it clearly appears from the uncontradicted evidence of the defendant's witnesses that the signal with the conductor's hand spoken of by the plaintiff in his testimony, was to the engineer to stop the train, to which signal the engineer responded by whistling for brakes.

We are inclined to the opinion that the plaintiff in this case, while abundantly establishing the negligence of the defendant in failing to stop at Stockport station, as it was bound to do to enable the plaintiff to alight from the train, has failed to prove the other affirmative proposition equally incumbent on him to authorize a recovery, viz., the absence of contributory negligence on his part, and that for that reason the motion for a nonsuit should have been granted.

We are also of the opinion that it was error to exclude the evidence of the witness Farley as to the rate of speed at which the train was moving at the time of the happening of the accident. He had taken notice of the movements of trains, and had judged their

rate of speed, and was, we think, proved to be competent to give an opinion on that subject. The rate of speed of a railroad train is not purely within the knowledge of experts, and not, therefore, the subject of expert testimony (*Salter* v. *R. R. Co.*, 59 N. Y. 632; *Northrup* v. *R. R. Co.*, 37 Hun, 299), and while a witness, to give testimony upon that subject, must have some knowledge or experience upon the same, he is not required to have the degree of knowledge peculiar to experts, called upon to testify where expert testimony is required and to give opinions based upon hypothetical questions. The question of the rate of speed of this train at the time of the happening of this accident was an important subject of inquiry on the trial, and the exclusion of the offered evidence was error.

The judgment should be reversed and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, a new trial ordered, costs to abide the event.