ALEXANDER MYERS, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Personal injuries — proof of freedom from contributory negligence — boarding a moving train.*

Upon the trial of an action brought to recover damages for personal injuries, the burden rests upon the plaintiff of showing that he was free from contributory negligence. If there is evidence given upon the trial of such action, direct or inferential, of care or caution on the part of the person injured, the question of contributory negligence is for a jury; but if there is no such evidence, and it clearly appears that the injured person was negligent, and that such negligence caused or contributed to the injury of which he complains, it is the duty of the court to nonsuit the plaintiff, and it is error if it refuses to do so.

A person who is injured while attempting to board a moving train propelled by steam, is presumptively guilty of contributory negligence.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 26th day of May, 1894, upon the verdict of a jury rendered after a trial at the Oswego Circuit, and also from an order made at the Oswego Special Term on the 2d day of April, 1894, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*D. G. Griffin*, for the appellant.

*D. P. Morehouse*, for the respondent.

MARTIN, J. :

The plaintiff was injured while attempting to board a moving train on the defendant's road. The train was in motion when he left the depot, which was about thirty feet from the track. He was then seventy-three years of age, and, as he testified, in full possession of his faculties, and could get on a car as well as he could twenty years before.

The testimony introduced by the defendant tended to show that the plaintiff often rode upon its trains, and had been previously accustomed to board them while in motion to an extent that induced its employees to admonish and remonstrate with him, and to charge him that he should not do so, as it was dangereus and he would

sometime get hurt.   This the plaintiff did not deny, but only said he did not remember; it might have been.   On the morning of the accident, when he left the depot, he saw that the train was in motion.   He immediately picked up a potato scoop that stood near, and started upon a run to overtake and board the train.   He and one witness called by him testified that the conductor and brakeman who saw him coming  called to him to hurry up, and that no effort was made to stop the train until he had reached it and taken hold of the rail, when the accident occurred.   On the other hand, both the conductor and the brakeman testified that they did not call to the plaintiff to hurry up, but, on the contrary, that the conductor in effect called to him not to attempt to get upon the train as he was going to stop, and that the conductor had already given the signal to the engineer to stop the train.   This testimony, so far as it tended to show that neither the conductor nor the brakeman called to the plaintiff to hurry up, but that the conductor called to him not to get upon the train and that he would stop, was corroborated by the evidence of at least five disinterested and credible witnesses who were present at the time, and who testified to that effect.   It may be that the question whether the conductor said, " Hurry up ! " or whether what he said was, " Do not try to get upon the train ! " was one of fact for the jury, yet, its finding in favor of the plaintiff upon that question was against the weight of the evidence.

The burden of showing that he was free from contributory negligence rested upon the plaintiff.   While, when there is evidence, direct or inferential, of care or caution on the part of the person injured, the question of contributory negligence is for a jury, but where there is no such evidence, and the evidence shows clearly that the injured person was negligent, and that such negligence caused or contributed to the injury of which he complained, it is the duty of the court to nonsuit, and it is error to refuse.   ( *Weston* v. *City of Troy*, 139 N. Y. 281.)

The question whether it is negligence *per se* to board or alight from a moving train propelled by steam has been considerably discussed, and several times decided by the courts of this State.   In *Solomon* v. *Manhattan R. Co.* (103 N. Y. 437) it was held that the boarding or alighting from a moving train is presumably and generally a negligent act *per se*, and that to rebut this presumption,

and justify a recovery in case an injury results, it must appear that the passenger was by the act of the railroad company put to an election between alternate dangers, or some situation created which interfered, to some extent, with his free agency and was calculated to divert his attention from the danger.   ANDREWS, J., after stating the law as above, added : "Negligence no doubt is usually a question of fact of which the jury must inquire, but the inference of · negligence in a given case may be so clear and convincing that the judge may direct a verdict.   The conclusion that it is *prima facie* dangerous to alight from a moving train is founded on our general knowledge and common experience, and it is akin to the conclusion, now generally accepted, that it is in law a dangerous, and, therefore, a negligent act, unless explained and justified by special circumstances, to attempt to cross a railroad track without looking for approaching trains.   In boarding a moving train there is generally less excuse than in alighting from one.   The·party attempting it is not often under the same stress of circumstances as frequently happens in the former case.   He may be compelled to wait for another train, but this is an inconvenience merely, which does not justify exposing himself to hazard."

In *Hunter* v. *C. & S. V. R. R. Co.* (112 N. Y. 371), which was a case very similar to the case at bar, it was held that a man who was *sui juris*, and in full possession of his faculties, with nothing to disturb his judgment, who attempted to board a train moving at the rate of from four to six miles an hour, was chargeable, as a matter of law, with negligence, and that the question in such a case is not made one of fact by proof that the man was directed by the conductor of the train, if he was going on the train, to jump on. In that case the judgment was reversed and a new trial ordered. The case was retried, and upon a subsequent appeal, where the evidence in the appeal book was substantially as upon the first appeal, except that the train was shown to have been going from one to two miles an hour instead of from four to six, the Court of Appeals again held that the plaintiff's intestate was guilty of negligence in getting upon the moving train ; that the submission to the jury of the question of contributory negligence was error, and the judgment was again reversed.   (126 N. Y. 18.)

The case of *Distler* v. *The Long Island Railroad Co.* (78 Hun,

252) was also similar to the one at bar, and the doctrine of the fore-
going cases was there re-asserted, and it was held that the fact that
the conductor called to the plaintiff to get on the train when in
motion was not sufficient to relieve him from the charge of contrib-
utory negligence, and that he was properly nonsuited.  (See, also,
*Lewis* v. *D. & H. C. Co.*, 80 Hun, 192; *Scully* v. *N. Y., L. E. &
W. R. R. Co.*, Id. 197.)

Without examining the other cases, of which there are many,
bearing upon this question, we are of the opinion that the plaintiff
was guilty of contributory negligence, that the court erred in deny-
ing the defendant's motion for a nonsuit, and that the judgment
should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed on the law and facts and a new trial
granted, with costs to abide the event.