JOSEPHINE VON ATZINGER, as Administrator, etc., of LOUIS VON ATZINGER, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Presumption as to contributory negligence — conclusive proof of — duty of one driving on a highway over a railroad track.*

The absence of contributory negligence is a fact which must be affirmatively shown by the plaintiff, upon the trial of an action brought to recover damages resulting from the death of her intestate by reason of the alleged negligence of the defendant, before she is entitled to a recovery, and it can never be presumed or inferred from proof of the accident and of negligence on the part of the defendant.

Freedom from contributory negligence may be affirmatively shown although there were no eye witnesses of the accident, and even though its precise cause and manner of occurrence are unknown.

If, in such case, the surrounding facts and circumstances reasonably indicate or tend to establish that the accident might have occurred without contributory negligence on the part of the deceased, that inference becomes possible, in addition to that which is involved in a careless or willful disregard of personal safety, and a question of fact may thus arise to be solved by a jury and require a choice between possible but divergent inferences.

If, however, these facts and circumstances, coupled with the occurrence of the accident, do not indicate or tend to establish the existence of some cause or occasion therefor which is consistent with the exercise of proper prudence and care on the part of the person injured, then the inference of contributory negligence is the only one left to be drawn, and a nonsuit should be granted.

A person driving on a highway, before attempting to cross railroad tracks, is bound to look and to listen, and to have such control over his horse as will enable him to avoid an impending danger.

When a man in broad daylight gets in front of a train of cars, whose approach is visible to him from several points upon the highway over which he approached the railroad, and is run over and killed, the conclusion, in the absence of explanatory evidence, is irresistible that his being run over and killed was the result of gross carelessness upon his part.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 29th day of May, 1894, upon the verdict of a jury, rendered after a trial at the Rockland Circuit, and also from an order entered in said clerk's office on the 5th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Ashbel Green* and *Herbert E. Kinney*, for the appellant.

*William McCauley, Jr.*, for the respondent.

BROWN, P. J.:

The plaintiff's intestate, while driving a covered milk wagon, was struck and killed by a locomotive of the West Shore railroad at the crossing of the Short Clove road (so called), near the village of Haverstraw, on the morning of August 5, 1893. The evidence introduced by the plaintiff was sufficient to support the finding of negligence on the part of the defendant, but we are of the opinion that it did not permit the conclusion that the deceased was free from negligence which contributed to the accident. The scene of the accident was upon the side of a steep mountain. The highway descends the mountain in a northeasterly direction and crosses the railroad at an acute angle. South of the crossing the railroad curves to the west and for a short distance runs in substantially the same direction as the highway. It then curves to the east and runs southerly. The collision was with a train going north upon the easterly side of the two tracks of the railroad. At a point on the highway 600 feet southwest of the crossing a person can look to the south along the railroad for 3,000 feet; from that point to the crossing the view south is in many places obstructed by rocks and shrubs, but there are places where the view is open, and, as one of the witnesses testified, for about one-half of the distance a person on the highway could see south along the railroad, and for one-half he could not. Between the crossing and a point on the highway 176 feet southwest the view of the railroad south was unobstructed, and a train coming north on the tracks within 3,000 feet would be visible to a person at any point on the highway west of the crossing and within 176 feet thereof.

Three witnesses called by the plaintiff testified to seeing the collision between the locomotive and the wagon in which deceased was riding, but none of the plaintiff's witnesses saw the deceased, or observed his wagon approaching the crossing; and there was no evidence tending in any way to indicate whether he took any precaution to ascertain and discover the approach of the train.

The flagman stationed at the crossing testified to seeing the horse immediately before the accident, on the south-bound track, but he

observed no effort on the part of the deceased to avoid the train that at that moment was in close proximity to him.

The absence of contributory negligence is a fact which must be affirmatively shown by a plaintiff before there can be a recovery for personal injuries. It never can be presumed, and it cannot be inferred from proof of the accident and of negligence on the part of the defendant. (*Weston* v. *City of Troy*, 139 N. Y. 281; *Tolman* v. *S. B. & N. Y. R. R.*, 98 id. 198; *Woodard* v. *N. Y., L. E. & W. R. R.*, 106 id. 369; *Riordan* v. *Ocean Steamship Co.*, 124 id. 655; *Wiwirowski* v. *L. S. & M. S. R. Co.*, Id. 420.)

In *Tolman's* case the rule is very clearly stated as follows: "The burden of establishing affirmatively freedom from contributory negligence may be successfully borne, though there were no eye-witnesses of the accident, and even although its precise cause and manner of occurrence are unknown. If, in such case, the surrounding facts and circumstances reasonably indicate or tend to establish that the accident might have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or willful disregard of personal safety, and so a question of fact may arise to be solved by a jury, and require a choice between possible, but divergent, inferences. If, on the other hand, those facts and circumstances, coupled with the occurrence of the accident, do not indicate or tend to establish the existence of some cause or occasion of the latter, which is consistent with the exercise of proper prudence and care, then the inference of negligence is the only one left to be drawn, and the burden resting upon the plaintiff is not successfully borne, and a nonsuit for that reason becomes inevitable."

And in *Riordan's* case the court said: "We are not permitted to guess or assume that the deceased was free from fault because he was injured, or that every person will take care of himself from regard to his own life and safety. * * * It is incumbent upon the plaintiff to show by a preponderance of evidence such facts and circumstances as will satisfy the minds of the jurors that the deceased exercised proper care and prudence, and did not omit the precautions of a prudent man under the circumstances."

*Tolman's* case was quite like the case at bar. The accident occurred at a highway crossing in the evening, and there was no evidence

of the exercise of care by the deceased.  To one approaching the crossing the headlight of an approaching locomotive was visible for a distance great enough to give adequate warning.  There was nothing in the condition of the atmosphere to have prevented the deceased from seeing the locomotive if he had looked in the direction from which it approached him.  On this state of facts a judgment in plaintiff's favor was reversed, the court saying: "It is impossible to doubt that deceased might have seen the approaching train if he had looked for it as a prudent man should."

The collision in the case before us occurred in broad daylight, and there was nothing to obscure the vision or prevent the deceased from seeing the train as it approached the crossing.  The crossing was a dangerous one, but the deceased was familiar with it, and had been in the habit of using it daily for several months prior to the accident.  He was bound to look and to listen, and to have such control of his horse as would enable him to avoid an impending danger.

It appears that his horse was going slowly at the time of the accident.  Apparently it was under the complete control of the driver.  But, in the absence of all evidence as to the conduct of the deceased as he approached the crossing, how is it possible to say that he took the precaution which a prudent man was bound to take with reference to his safety?

Did he listen for the train?

Did he look for it at any of the points at which he could have seen its approach?

Did he see it as he drove his horse over the 170 feet of road just west of the crossing?  If he did, how did he come to get in front of the engine?  Did he try to avoid it, and, if so, what did he do?  Did he fail to see it?  If so, what was the cause or reason for that?

These inquiries are vital to the plaintiff's case.  In the absence of evidence they cannot have an intelligent answer.

It is, I think, impossible to contemplate such an accident as occurred to the deceased, under the circumstances disclosed, and not be convinced that the slightest attention on the part of the deceased and most ordinary care on his part would have avoided it; and that, when a man, in broad daylight, gets in front of a train of cars, whose approach is visible to him from several points upon the high-

way over which he approached the railroad, the conclusion, in the absence of any explanatory evidence, is irresistible that the accident was the result of gross carelessness upon his part. As was said in *Tolman's* case (*supra*) : " The facts leave the occurrence explainable as to its cause and occasion only by the theory of negligence on the part of deceased. They indicate no way in which the accident might have happened ; suggest no adequate cause which could or might have operated, which way or cause showed freedom from fault on the part of deceased, and could have produced the result in spite of his care and prudence."

The judgment must be reversed and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred ; CULLEN, J., not sitting.

Judgment and order reversed and new trial granted, with costs to abide event.