MINA A. PARSONS, as Administratrix, etc., of J. IVES PARSONS, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Negligence — plaintiff must prove freedom from contributory negligence.*

In an action brought by the administratrix of a decedent to recover damages resulting from injuries alleged to have been sustained by reason of the negligence of the defendant, the plaintiff is bound to prove affirmatively that the death of her intestate resulted from the fault of the defendant and was not caused by his own carelessness; the absence of contributory negligence will not be presumed.

APPEAL by the plaintiff, Mina A. Parsons, as administratrix, etc., of J. Ives Parsons, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 10th day of March, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Onondaga Circuit, with notice of an intention to bring up for review on such appeal the order dismissing the complaint.

*Benedict & Thomson,* for the appellant.

*Hiscock, Doheny & Hiscock,* for the respondent.

MARTIN, J.:

This action was brought to recover damages sustained by the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence.

On the evening of November 12, 1892, the decedent was killed by one of the defendant's trains in its yard near the station in Syracuse, N. Y. He had been a passenger upon another train. When the injury occurred he had alighted at the station and started for his home beyond West street, which is the westerly boundary of the defendant's yard or station grounds. No witness was called who saw the accident. The circumstances, however, indicate that when struck by the train the decedent was passing over one of the tracks in the defendant's yard for the purpose of reaching West street through an open gate which closes over two of the defendant's tracks. Between the place where the plaintiff alighted and West street there were two passageways constructed for the accommodation of passengers leaving the station in that direction, which led directly to that street without crossing any of the defendant's tracks, either one of which might have been taken by the decedent without the slightest danger of injury from a passing or approaching train. The only purpose that could have moved or have been accomplished by him in crossing the track was to save a few feet in distance. No necessity whatever was shown for his taking that course. There was no evidence that the defendant in any way invited or approved of the use of any pathway across its tracks as a way of exit for passengers leaving its station, although there was some proof which tended to show that persons passing on to West street, instead of using the pathway constructed and designed for that purpose, would sometimes pass across the defendant's tracks near the street to save a few feet in distance. It was also shown that the defendant's employees tried to prevent people from thus crossing the track.

The train by which the decedent was injured came to a full stop just west of West street, and then ran into the yard upon track No. 2, which lies immediately south of the defendant's passenger station. It was running at the rate of only three or four miles an hour. The headlight upon the engine was lighted and the bell was ringing. The train upon which the decedent arrived came into the yard upon track No. 3, which lies immediately north of

the station.   At the time of the accident he was familiar with the
station, the passageways leading to West street and the entire situa-
tion of the defendant's road and tracks at that place.    There was
no evidence that the engineer or any of the persons employed upon
the defendant's engine or train were not competent men, vigilant
and watchful in the performance of their duties, or that they did
not stop the train as soon as possible after discovering that some one
had been struck by the engine, or that the train or engine was
improperly managed, or in any way out of repair.

At the conclusion of the evidence, upon the motion of the defend-
ant, the plaintiff was nonsuited.   The appellant contends that that
was error, and that he should have been permitted to go to the jury,
both upon the question of the defendant's negligence and the ques-
tion of the freedom of the plaintiff's intestate from contributory
negligence.    After a careful and thorough examination of all the
evidence in the case, and of the circumstances attending the dece-
dent's death, we are unable to find any sufficient ground upon which
the court could have submitted the question of the defendant's
negligence to the jury.    That the defendant furnished ample facil-
ities for the plaintiff to pass in safety from the station to West street
is undenied, and, hence, there was no omission to discharge that duty
towards the plaintiff's intestate.    But the appellant further contends
that the fact that the defendant had allowed passengers to cross its
tracks in going on to West street amounted to a license.    If this
were to be assumed, which it is not, it would still be difficult to dis-
cover any duty that was imposed upon the defendant which it omit-
ted to perform.    If there was such a license, there was imposed
upon the defendant no other duty or greater care as to persons
crossing its tracks in pursuance thereof, than it would owe them if
they were passing over its tracks upon the adjoining street.    That
the defendant gave proper notice of the approach of the train by the
ringing of the bell, that there was a headlight upon the engine, that
it was running at a slow rate of speed, that the engine and train
were in proper order and repair and properly managed, all show that
there was no omission of duty upon the part of the defendant that
would render it liable even if such a license had existed.    Under
these circumstances we find no error in the court's refusal to submit
the question of the defendant's negligence to the jury.

HUN —VOL. LXXXV.      4

Again, when we consider the question of the contributory negligence of the plaintiff's intestate, we find an additional ground upon which to justify the court in granting the defendant's motion for a nonsuit. The plaintiff was bound to prove that the injury to the decedent was not caused by his carelessness, and that it was caused by the fault of the defendant. It is not to be presumed that the decedent was free from negligence, but the burden was upon the plaintiff to prove it either by direct or circumstantial evidence. It was said by ANDREWS, Ch. J., in *Weston* v. *City of Troy* (139 N. Y. 281, 282): "It is a fundamental principle in the law of this State that, in an action for a personal injury based on negligence of the defendant, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, either by direct proof or by circumstances, and that no presumption arises from the mere happening of an injury and proof of negligence on the part of the defendant that the plaintiff was free from blame." This case was followed in *Babcock* v. *F R. R. Co.* (140 N. Y. 308, 311), where EARL, J., said: "The plaintiff was bound to show that the explosion was not caused by the carelessness of Bennett (the plaintiff's intestate), and that it was caused solely by the fault of the defendant. It cannot be presumed that he was free from carelessness, and the burden was upon the plaintiff in some way to prove it. Verdicts must stand upon evidence and not upon mere conjecture, however plausible, and if the situation be such that the plaintiff cannot furnish the requisite evidence the misfortune is his.".

An examination of the evidence in this case renders it apparent that the plaintiff has not successfully borne the burden of proving, either by circumstances or direct evidence, that the decedent was free from any negligence which contributed to the injury resulting in his death. On the contrary, the evidence renders it at least probable that the injury was the result of the decedent's own negligence.

Thus, we are led to the conclusion that the court properly granted the defendant's motion for a nonsuit, and that the judgment herein should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.