MARGARET CUMMINGS, Respondent, *v.* THE VILLAGE OF NEW ROCHELLE, Appellant.

*Negligence — injury on a crosswalk on which a channel was worn under the end of a flagstone where the foot of the injured person was caught — contributory negligence.*

A stranger in a village, while walking slowly across a street, in broad daylight, upon a flagged crosswalk, which, without observing any defect therein, she had passed over for the first time a few moments previously, behind two other persons with whom she was conversing, was thrown down as the result of catching her foot in a channel, worn under the end of one of the flagstones, at a point where the space, formerly occupied by a street railway, had been filled in with cobble stones and blue stone refuse, and had, by the action of the elements, sunk below the level of the remainder of the crosswalk.

In an action brought by her against the village to recover for injuries thus sustained, it appeared that the defective condition of the crosswalk, at the point of the accident, had existed for a period of six months, and that other persons had tripped and fallen at this point. The plaintiff's companions testified that the defect was easily seen in passing over the walk.

*Held,* that, under the circumstances, the jury were justified in concluding that the plaintiff was exercising a degree of care consistent with her duties in the premises, and that she was free from contributory negligence.

APPEAL by the defendant, The Village of New Rochelle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 15th day of October, 1898, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 19th day of October, 1898, denying the defendant's motion for a new trial made upon the minutes.

*J. Addison Young,* for the appellant.

*Isaac N. Mills,* for the respondent.

WOODWARD, J. :

The law is too well established in this State to require the citing of authorities that, in an action for personal injuries based on the negligence of the defendant, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, either by direct proof or by circumstances, and that no presumption arises from the mere happening of an injury, and

proof of negligence on the part of the defendant, that the plaintiff was free from blame. There are, however, many cases in which the affirmative evidence showing the lack of contributory negligence is necessarily limited, and the conclusion grows out of the circumstances in which the accident occurs, rather than from any direct and positive evidence. This is clearly recognized in the case of *Weston* v. *City of Troy* (139 N. Y. 281) where the court, after calling attention to the fact that "there is no shred of evidence as to the exercise by the plaintiff of any care on the occasion," say : "If the plaintiff did not discover the ridge and passed along relying upon the walk being safe, or supposing, if she saw the ridge, that it was made by compacted snow, and not by ice, these and other circumstances might have been shown to meet the burden the law places upon a plaintiff suing for negligence of being herself free from fault." In the case at bar, the plaintiff, in company with three other ladies, had, shortly before the accident complained of, passed over the defective crosswalk without their attention being called to the fact that it was defective. Shortly afterward the plaintiff, separating from her companions, retraced her steps to meet some friends at a point farther along the highway, and, in passing over the crosswalk, walking, as she testifies, slowly, she caught her toe in the defective place in the crosswalk and fell, sustaining injuries for which she now seeks to recover.

It appears from the evidence that, at some time previous to the accident, there had been a single-track street railroad in what is known as Depot place in the village of New Rochelle. This is a short street leading from Railroad avenue to the depot of the railroads. Depot place, in common with other public highways in that locality, was macadamized with blue stone, and at the point of intersection with Railroad avenue there is a crosswalk of blue flagstone, consisting of two stones laid side by side and continuing across Depot place. This is a continuation of the sidewalk along Railroad avenue. In the construction of the street railroad, the flagstone had been cut away and the space between the tracks had been paved with cobble stones. Subsequently the track of the street railroad was removed, and the space which it had occupied was filled in with the cobble stones and blue stone refuse, which, with the action of the elements, has sunk below the level of the remain-

der of the crosswalk. The evidence shows that at the time of this accident the water had cut a channel at one side of the old right of way of the railroad, and that it had undermined one end of the flagstone in such a manner as to permit it to project out over the channel which had thus been produced, so that any one passing over this crosswalk was liable, as did the plaintiff, to step into this channel and slip under the end of this stone, tripping and falling. It was in evidence that the plaintiff was a stranger in the place; that she had passed over this walk but once, and this time she was in company with three other women, two of them in advance, the plaintiff and the third following and talking with the others. Her attention was not called to the defect in the walk, although the women who were with her testify that they had been aware of its dangerous condition for many months, and that the defect was easily to be seen in passing over it. Almost immediately after passing over this place the plaintiff, desiring to meet some of her friends who had gone to do an errand, retraced her steps, walking slowly in order to give them time to do their mission, and while crossing Depot place she caught her foot in this channel under the end of the blue flagstone and fell, sustaining the injuries complained of.

It is urged on the part of the defendant that the danger being obvious, as testified to by the witnesses of the plaintiff, the plaintiff has not sustained the burden of proving a lack of contributory negligence on her part, and that the judgment in her favor cannot, therefore, be sustained.

This accident, it is true, occurred in broad daylight, and the plaintiff was bound to exercise reasonable care in walking the streets; but we are not prepared to say as a matter of law that the plaintiff was bound to exercise a degree of vigilance which would discover to her a defect in the condition of this crosswalk which the defendant urges in a subsequent point was of such a trifling nature that, conceding its existence, it was not sufficient to charge the defendant with negligence. No case has gone further, perhaps, in denying the right of a plaintiff to recover in actions of this character than *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70). In that case the court, after stating the rule in reference to contributory negligence, say: "If this law is to be recognized and followed, we are

unable to see how this judgment can be sustained, for to hold otherwise would practically overrule and annul the rule of contributory negligence. As we have seen, it was a bright day and about eleven o'clock in the forenoon. The obstacle over which the plaintiff fell was a large flagstone over four feet in length and three in breadth. There was nothing to obscure her vision ; her eyesight was good and she could see as she was walking along the walk. It is not pretended that anything occurred that momentarily obstructed her vision, and it is difficult to conceive how she could have avoided seeing the obstacle unless she was heedlessly proceeding in utter disregard of the precautions usually taken by careful and prudent people." The general rule is stated in *Weston* v. *City of Troy* (*supra*), that "The presumption which a wayfarer may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious;" but in the *Whalen* case the court in effect held that the dangerous condition of the walk was so obvious that it was the duty of the plaintiff to know, and that a failure to make use of her eyes in a reasonable manner in discovering danger was, of itself, contributory negligence. In the case at bar the defect in the crosswalk was not known to the plaintiff, nor was it, in our judgment, sufficiently obvious so that the court is warranted in saying, as a matter of law, that she was negligent in not discovering the defect in passing slowly over the walk. It cannot be the rule that pedestrians, even in broad daylight, are called upon to minutely inspect crosswalks and sidewalks in passing over them. They have a right to assume that they are reasonably adapted to the use for which they are instituted, and the rule of law is satisfied when the pedestrian has exercised that reasonable degree of care which is imposed upon all persons under similar circumstances.

In the *Weston Case* (*supra*) the court say : " The evidence on the part of the plaintiff tends to show that the ridge of ice was plainly visible, and that it formed a dangerous obstruction to the use of the sidewalk was shown by the fact that two other persons had fallen there on the same day the plaintiff fell, and another person two or three weeks before. Whether the plaintiff saw the ridge before stepping upon it does not appear, nor was it shown whether she was walking fast or slow, or what attention she was paying, if any, to

the condition of the sidewalk. If she discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care, have kept on her way. But she could not heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed." That is, the plaintiff, on a winter's day, following a two-inch fall of light snow, "rendering it more dangerous," to quote the language of the court, was not justified in disregarding the "precautions which the obvious situation suggested." It was incumbent on her to show to the jury some fact on which they would be justified in concluding that she had exercised proper care in traversing the sidewalk. In the case at bar the plaintiff, on a day in the middle of April, when there were no conditions calling for the exercise of unusual care, while passing slowly over a crosswalk, stepped her foot into a channel extending under the end of a stone used in the construction of the walk and was thrown down, receiving serious injuries. Under the circumstances it seems clear that the jury was justified in concluding that the plaintiff was exercising a degree of care consistent with her duty in the premises, and that she has sustained the burden of proving a lack of contributory negligence.

It is not urged that there was any lack of notice to the defendant of the condition of the crosswalk; and it is in evidence that the place had been in the condition in which it was found on the day of the accident for a period of six months, and the defendant must have had constructive notice at least of the danger to which pedestrians were subject. It was also in evidence that other persons had tripped and fallen at this point, though it does not appear that any of them were injured. While it is urged with much of plausibility that the defect in the walk was not such as to charge the defendant with responsibility, under the authority of *Beltz* v. *City of Yonkers* (148 N. Y. 67), we are of opinion that the question was one of fact for the jury. The manner in which the street had been repaired after the tracks of the street railroad were removed, coupled with the evidence that other persons had tripped at this same place, and that the plaintiff was injured at this point while conducting herself in a reasonably prudent manner, are all circumstances from which the inference of negligence may be drawn; and it was proper for the

jury to say whether the condition of this walk was such as to constitute negligence on the part of the defendant.

It is not necessary to discuss the case further. The questions were submitted to the jury without exception, and, under the circumstances developed by the evidence, we are satisfied that the judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.