### JOHANSEN v. EASTMANS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

INJURIES TO EMPLOYES—EVIDENCE—ASSUMPTION OF RISK.

It cannot be said, as a matter of law, that an employé charged with the duty of shoveling fat in the vicinity of a revolving shaft that is not guarded, as required by Laws 1886, c. 409, § 8, as amended by Laws 1892, c. 673, assumes the risk of injury that would result from his touching the shaft, where he was unfamiliar with machinery, and was not employed in connection with the machinery or the shaft.

Rumsey and McLaughlin, JJ., dissenting.

Action by Jacob Johansen against the Eastmans Company of New York for personal injuries. The complaint was dismissed, and plaintiff moved for a new trial. His exceptions were ordered to be heard at the appellate division in the first instance. Exceptions sustained.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Abram I. Elkus, for the motion.
L. Sidney Garrere, opposed.

INGRAHAM, J. The plaintiff was in the employ of the defendant when he was injured. At the time of the accident he was in the basement of the defendant's building upon a platform shoveling fat. This fat came down from an upper story through chutes, and two men, of whom the plaintiff was one, were employed to shovel the fat into a chopping machine. This platform upon which the men worked was about five feet from the ceiling. Over the platform and near the ceiling there was a shaft which revolved rapidly. The plaintiff, while engaged in shoveling fat, slipped, and, throwing up his arm to protect himself, in some way the shaft caught his arm and lifted him up, carried him several times around the shaft, and caused the injury. This shaft was not covered or guarded in any way. At the end of the plaintiff's case the complaint was dismissed, and the plaintiff's exceptions were ordered to be heard in the first instance in this court. By Laws 1886, c. 409, § 8, as amended by Laws 1892, c. 673, it is provided that all vats, shafting, and machinery, of every description, shall be property guarded, and no person shall remove or make ineffectual any safeguard around or attached to any planer, shafting, or other machinery. It was a failure on the part of the defendant to comply with this provision of the statute which caused the accident, and such failure was evidence of negligence. Pauley v. Lantern Co., 131 N. Y. 95, 29 N. E. 999. The court below dismissed the complaint, on the ground that the plaintiff assumed the obvious risks incident to his employment; that the risk of working alongside a shaft, not protected as required by the statute, was such an obvious risk; and that for an accident which happened in consequence of such violation of this duty, the plaintiff having assumed the risk, the defendant was not liable.

The question as to just what risks an employé assumes when

working about machinery has often been discussed, and, while the principles are quite well settled, their application to particular conditions is not unattended with difficulty. It should be borne in mind, however, that whether or not a risk is so obvious that a person undertaking employment is to be deemed to have assumed it is not always a question of law. It may well be that a risk in relation to machinery and its appliances, and the accidents which are liable to happen, would be obvious to one familiar with the machinery, while to another, ignorant of the working of such machinery, no risk would be apparent. In such a case, it might well be a question of fact for a jury to determine, considering the nature of the risk and the nature and character of the accident that happened, and the nature of the work that the party injured was employed to do, whether the risk was so apparent that the party appreciated and understood that there was a risk, and entered upon the employment with such knowledge. The risk to be assumed must be one that is obvious and apparent to the person employed, so that he can be assumed to have contracted in relation to it, and to have assumed the burden of any injury which might happen. This principle is thus formulated by the supreme court of Massachusetts in O'Maley v. Light Co., 158 Mass. 135, 32 N. E. 1119, quoted with approval by the court of appeals of this state in Knisley v. Pratt, 148 N. Y. 379, 42 N. E. 987, where it is said:

"The doctrine of the assumption of the risks of his employment by an employé has usually been considered from the point of view of a contract, express or implied; but, as applied to actions of tort for negligence against an employer, it leads us to the broader principle expressed by the maxim, 'Volunti non fit injuria.' One who, knowing and appreciating a danger, voluntarily assumes the risk of it, has no just cause of complaint against another, who is primarily responsible for the existence of the danger. As between the two, his voluntary assumption of the risk absolves the other from any particular duty to him in that respect, and leaves each to take such chances as exist in the situation, without a right to claim anything from the other. In such a case, there is no actionable negligence on the part of him who is primarily responsible for the danger."

Can it be said here, as a matter of law, that the happening of this accident was or should have been known or appreciated by the plaintiff? In the first place, the plaintiff was not employed in connection in any way with the machinery or shafting which caused the injury. He was placed to shovel the fat as it came upon the platform. So far as appears, he had no knowledge of this particular machine, and is chargeable with no knowledge of its condition. The place upon which he was put to work was a platform covered with tin, and made slippery with the material with which he was working. Undoubtedly he was charged with notice of the slippery character of the material, and any injury that he sustained as a direct result of slipping would be an obvious risk which he assumed. It was not obvious, however, that merely touching this shafting as it revolved would cause him any injury. The fact that the shafting was not protected was obvious, but the risk that a person would run in touching it or being thrown against

it could hardly be said, as a matter of law, to be an obvious risk that an ignorant laborer, unacquainted with such machinery and its action, was bound to know and appreciate. The plaintiff's slipping on the floor was not the direct cause of the injury. Had the shaft not been there, exposed as it was, the accident would not have happened. The negligence of the defendant consisted in leaving this shaft about which the men were working unprotected, in violation of the statute. The risk that the plaintiff assumed was the risk that was apparent and obvious to any ordinary laborer employed to do the work in which the plaintiff was engaged; and it could not be said, as a matter of law, that a laborer engaged to do work of this kind either did or could have appreciated the danger of being caught upon this shaft, if for any reason he was thrown against it. The legislature, in requiring that shafting of this kind should be protected, had in mind the danger of accidents of this character; but that such a danger would be apparent to an ordinary laboring man, not familiar with machinery and not employed in relation to machinery, cannot be assumed as a matter of law. The obligation of an employer to furnish to his employés a safe and proper place to perform their work is firmly established, and is a most salutary provision to protect employés from needless exposure to danger. And while it is equally well settled that, where an employé voluntarily accepts work in a position which is unsafe, he assumes the risk of an injury that is apparent from the situation, it cannot be said that he assumes a risk of an accident which is not apparent, and which it could not be presumed that he anticipated; and it seems to me that this is such a case. It is the risk that the employé knows, or has the means of knowing, which he assumes. "If he voluntarily enters into or continues in the service without objection or complaint, having knowledge or the means of knowing the dangers involved, he is deemed to assume the risks, and to waive any claim for damages against the master in case of personal injury to him." Crown v. Orr, 140 N. Y. 452, 35 N. E. 648. But if an injury happens from a danger which is not so obvious, which the employé neither knew nor had the means of knowing, then the risk is not assumed.

Here was a perfectly smooth shaft, without any projection that would be likely to catch the clothes of a person working near it. The danger that existed, or which the accident has now shown to have existed, of catching to some part of an employé's clothes, and throwing him around the shaft, was not so apparent that a man working in the vicinity would be chargeable with knowing it, and was not, therefore, an obvious risk, which was assumed by the plaintiff in accepting the work, under the conditions disclosed. It seems to me, therefore, that the nonsuit in this case was error, and that the question should have been submitted to the jury.

It follows that the exceptions must be sustained, and a new trial ordered, with costs to the plaintiff to abide the event.

All concur, except RUMSEY and McLAUGHLIN, JJ., who dissent.