JACOB LEVY, as Administrator, etc., of ANTONI PRYGON, Deceased, Appellant, *v.* GROVE MILLS PAPER COMPANY, Respondent.

*Reservation of a motion for a nonsuit — after a verdict the complaint cannot be dismissed on the merits — negligence — injury to a workman in a paper factory from his clothing being caught through an opening in a box covering a revolving shaft.*

Where the judge presiding at a jury trial, acting under the authority of section 1187 of the Code of Civil Procedure, reserves the decision of a motion for a nonsuit until he has submitted the whole case to the jury and they have rendered a general verdict for the plaintiff, he cannot, upon receiving the jury's verdict, dismiss the complaint upon the merits.

In an action brought to recover damages resulting from the death of the plaintiff's intestate, it appeared that there were in the defendant's paper factory two rooms known as the wash and kettle rooms, the former being directly west of the latter room; that the door connecting the two rooms was ten feet wide and that in the kettle room, flush with the southerly jamb of the door, was a wooden box twenty-two inches square, built from the floor to the ceiling, which box encased a steel shaft revolving at a speed of over two hundred revolutions per minute. The shaft was located about six inches back of the northerly face of the casing and for a period of five or six months there had been a hole in the northerly face of the casing five or six inches wide extending upward from the floor for a distance of six or eight feet.

The intestate was employed in the wash room, and on the day of the accident he and a number of fellow-workmen were engaged in moving a car heavily laden with material from the kettle room into the wash room. While pushing the car through the doorway, one of the wheels caught in the floor. The intestate, who wore a loose apron of bagging extending to his knees, was stationed at the southeast corner of the car within about two feet of the hole in the casing, and, while he and his companions were endeavoring to start the car forward, the intestate's apron was caught, through the hole in the casing, by the revolving shaft and he was drawn against it with such violence as to kill him. *Held*, that the jury were justified in finding that the defendant was guilty of negligence and that the intestate was free from contributory negligence.

APPEAL by the plaintiff, Jacob Levy, as administrator, etc., of Antoni Prygon, deceased, from an order of the Supreme Court, made at the Orange Trial Term and entered in the office of the clerk of the county of Orange on the 18th day of April, 1902, dismissing the plaintiff's complaint and setting aside the verdict of a jury theretofore rendered in favor of the plaintiff, and directing that plaintiff's exceptions be heard in the first instance at the Appellate Division.

*A. H. F. Seeger*, for the appellant.

*Artemas B. Smith* [*Harold H. Bowman* with him on the brief], for the respondent.

HOOKER, J.:

The defendant moved at the close of the plaintiff's case for a dismissal of the complaint. The disposition of this motion was held until the close of the whole case, when the court reserved its decision upon the motion subject to the verdict of the jury. The defendant objected and excepted to the submission to the jury. A general verdict for the plaintiff was reported, and after this report the defendant again moved to dismiss the complaint. The court then, after stating its reasons, verbally directed that the verdict be set aside and that the complaint be dismissed; exceptions to be heard in the first instance by the Appellate Division. Subsequently an order was entered pursuant to such decision, which recites that it was made on motion of defendant's attorneys and directs that the complaint be dismissed upon the merits and that the verdict be set aside.

The procedure upon the trial was not strictly within the provisions of section 1187 of the Code of Civil Procedure. It is there provided that the court may, pending the decision of the motion to nonsuit, submit any question of fact raised by the pleadings to the jury, or require it to assess the damages. Here, over the defendant's objection and exception, the court submitted the whole case to the jury, and they rendered a general verdict. *Hoey* v. *Metropolitan Street R. Co.* (70 App. Div. 60) is authority for the proposition that where special findings are made by the jury, the court cannot thereafter, under the terms of section 1187 of the Code, dismiss the complaint upon the merits, and at page 62 it is said : " The court had no power to dismiss the complaint upon the merits." The proper practice is to grant the motion for a nonsuit. If in an action where the proceedings are within the provisions of this seciton, and the court has received the verdict of the jury, it has no power to dismiss the complaint upon the merits, it must follow that where the court evidently is aiming to follow that procedure, but has not complied therewith, it cannot thereby become vested with any greater powers than it has under that section, and we think that the order dismissing the complaint upon the merits was, under the authority of the *Hoey* case, improper, and should be reversed.

In December, 1900, the defendant owned and operated a factory for the manufacture of paper, in which it maintained two adjoining rooms, known as the wash room and kettle room, the former directly west of the latter ; the door connecting them was some ten feet wide, and flush with the southerly jamb of the door, extending into the kettle room, was a wooden box built from the floor to the ceiling, twenty-two inches square, which served as a guard or encasement of a steel shaft, performing over two hundred revolutions per minute. Out of the northerly face of this wooden casing was torn part of the material of which it was made, leaving a hole into the interior five or six inches wide, extending from the floor upward for six or eight feet ; the shaft revolved about six inches back of the northerly face of the casing, and this had been the condition for five or six months.

The plaintiff's intestate had been employed for two or three months in the wash room, attending one of the machines operated there. It did not appear that he was skilled in the use of machin-

ery ; it required no special ability to perform the work for which he was employed. The material fed to these machines was taken direct from the kettle room, and on the 13th of December, 1900, the deceased and four or five of his fellow-workmen were endeavoring to move a car or box, heavily laden with the material, from the kettle room into the wash room. Before going far, and when the front part of the car had just cleared the doorway, whose doors were always open, one of the wheels of the car became caught in a hole in the flooring, and it was impossible to move it further. The deceased was pushing on this car at the southeast corner thereof, and was brought within about two feet of the hole in the casing. He, and many of the other employees of the wash room, then wore, as was their custom, a loose apron of bagging, tied around the waist and extending to the knees, for the purpose of protecting themselves from the water with which all the material was saturated. While he and his companions were making every effort to move this car forward into the wash room, his apron was caught through the aperture in the casing by the revolving shaft, and he was instantly drawn against it with great violence, and killed before he had an opportunity to do more than utter a single exclamation of pain. It nowhere appeared that deceased had any knowledge of the shaft, and no claim is made that his attention or concern was in any manner directed to it, in connection with the duties of his employment. These are the undisputed facts. The defendant rested its case upon the evidence offered by the plaintiff, and the court submitted the questions of contributory negligence, the defendant's negligence, and the amount of damages to the jury in a fair and proper manner. They rendered a general verdict for plaintiff, and we think it was error to set aside that verdict. The case of *Johansen* v. *Eastmans Company* (44 App. Div. 270) is strikingly in point, and it is unnecessary for us to discuss the questions there decided. They are controlling upon the facts in this case.

The question of contributory negligence on the part of the deceased, however, is raised in this case. The respondent contends that if, in the absence of direct proof, the circumstances from which freedom from contributory negligence is sought to be shown make an inference of the existence of such contributory negligence as reasonable as an inference of the lack of such negligence, or point in neither direc-

tion, a nonsuit should be granted (*Cordell* v. *N. Y. Central & Hudson R. R. R. Co.*, 75 N. Y. 330), and urges that that rule is applicable to the facts in this case. The evidence was such, however, that the jury were justified in finding from it that the intestate was free from negligence, for it shows that the car which the plaintiff and his fellows were trying to move was exceedingly heavily loaded, and had become caught in a hole in the floor, and that it required the utmost effort of all engaged in the undertaking to start it. The plaintiff's intestate was seen to be working at the car and helping to move it, and the only reasonable inference is that his entire mind and powers were concentrated upon the undertaking. It was then a question for the jury to say whether his acts were those of an ordinarily prudent and cautious man under the circumstances, and with their finding we may not interfere.

The plaintiff's exceptions should be sustained and judgment directed upon the verdict, with costs, and inasmuch as no judgment has yet been entered, the question of additional allowance should be at plaintiff's election determined at Special Term.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Plaintiff's exceptions sustained and judgment directed upon the verdict, with costs.