EDWARD KLEIN and PHILIP STERN, Copartners Doing Business under the Name of E. KLEIN & SON, Respondents, v. AARON KATZ and Others, Doing Business under the Firm Name of KATZ, BROOKS & MESHEL, Appellants.

First Department, March 17, 1922.

**Bills and notes — action by transferee to recover on trade acceptance — trial — failure of plaintiffs to object to incompetent testimony and acquiescence in court's refusal to strike out concedes existence of question of fact for jury — court cannot set aside general verdict for defendants and direct verdict for plaintiffs.**

In an action brought by a transferee of a trade acceptance to recover thereon, in which the defense was that the plaintiffs were not holders for value in due course, the plaintiffs failed to object to testimony to the effect that after the trade acceptance had been drawn the payees agreed with the defendants to make a credit allowance thereon and that after the maturity of the trade acceptance the payees and the last indorser offered to make an allowance if the defendants would pay it, though said testimony was clearly incompetent, and they acquiesced in the refusal of the court to strike out the testimony on a motion made after both sides had rested. The plaintiffs' counsel then moved for a directed verdict, but the court, without passing on the motion, submitted the case to the jury upon the question whether the plaintiffs had knowledge of the facts upon which the defense rested. The jury returned a verdict in favor of the defendants but the court set it aside and directed a verdict in favor of the plaintiffs for the full amount claimed.

*Held,* that the plaintiffs in effect conceded that there was a question of fact for the jury to pass upon as to whether or not the plaintiffs were holders for value in due course, without knowledge of the alleged infirmities, and, hence, were not in a position to move for the direction of a verdict. Furthermore, the practice upon the trial of setting aside a general verdict in favor of the defendant and thereafter directing a verdict for the plaintiffs, was unauthorized under the Code of Civil Procedure.

APPEAL by the defendants, Aaron Katz and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered

in the office of the clerk of the county of New York on the 14th day of March, 1921, upon the verdict of a jury rendered by direction of the court after a verdict in favor of the defendants had been set aside.

*Isadore P. Eisenberg* of counsel [*Max Reich* with him on the brief], for the appellants.

*Samuel Deutsch*, for the respondents.

GREENBAUM, J.:

The action was brought on a trade acceptance for $2,004.37, dated January 26, 1920, and payable October 5, 1920, accepted by defendants and payable to the order of Finn & Simmons Co. After the delivery of the acceptance to the payees, it was indorsed by them to one B. Kaufman and by him subsequently indorsed and transferred to one Edward Roth, who in turn indorsed and delivered it to the plaintiffs who claim to be holders for value, before maturity.

The defenses were that plaintiffs were not holders and owners for value in due course; that the receiver in bankruptcy of the payee, Finn & Simmons Co., had title to the instrument, and finally that defendants were entitled to a credit of $854.49 thereon.

The defendants called one Max Brooks as a witness, who testified that he prepared the trade acceptance in suit and that an agreement was subsequently entered into between defendants and the payee that there was to be a credit allowance of $854.49 made upon the payment of the draft by reason of an adjustment arising out of another transaction between the parties. The witness also testified that on October tenth, five days after the maturity of the draft, he had an interview with Mr. Simmons, a member of the firm of Finn & Simmons Co., who originally held the draft, and with Edward Roth, the last indorser thereon, at which Roth and Simmons offered an allowance of $200 on the draft if the defendants would pay it, and that when the offer was declined it was increased by a proposed allowance of $500. This testimony was, of course, wholly incompetent and not binding upon the plaintiffs and indeed not inconsistent with the fact that the plaintiffs were innocent holders for value. There was, however, no objection to this testimony and it was only after the defendants had rested that plaintiffs moved to strike it out. The court did not pass upon the motion. After both sides rested, the plaintiffs' counsel stated that he renewed his motion to strike out, to which the court answered: " No, I will let it stand." Plaintiffs' counsel seemingly acquiesced in the court's action and thereupon moved for a direction of a verdict in favor of the plaintiffs for the full

amount claimed. The court, however, did not pass upon that motion and submitted the case to the jury upon the question whether plaintiffs had knowledge of the facts upon which the defense rested. The jury rendered a verdict for the defendants, whereupon plaintiffs moved to set it aside and renewed the motion for a direction of a verdict in favor of the plaintiffs for the full amount. The court thereupon set aside the verdict as " against the weight of the evidence " and granted a motion directing a verdict for the plaintiffs for the full amount claimed.

Under the circumstances above outlined the plaintiffs in effect conceded that there was a question of fact for the jury to pass upon as to whether or not the plaintiffs were holders for value in due course without knowledge of the alleged infirmities. Besides, the practice adopted upon the trial setting aside a general verdict and thereafter directing a verdict for the plaintiffs was unauthorized under the Code. The court had not reserved its decision on the motion for nonsuit nor did it direct the jury to find a special verdict as it might have done under section 1187 of the Code of Civil Procedure. (*Levy* v. *Grove Mills Paper Co.*, 80 App. Div. 384.)

We are constrained to reverse the judgment.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.