(14 Misc. Rep. 400.)

### CANNON v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

PERSONAL INJURIES—DAMAGES.

> A verdict of $10,000, in an action by a husband for personal injuries to his wife, is not excessive, where she was, at the time of the accident, a strong, healthy woman 38 years old, and since then has been, and always will be, a physical wreck.

Appeal from trial term.

Action by Michael G. Cannon against the Brooklyn City Railroad Company for personal injuries to his wife. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Chas. J. Patterson, for respondent.

PER CURIAM. We have considered all the exceptions to which our attention has been called in the points of the appellant, and conclude that our decision on the appeal in the case of Annie Cannon against The Appellant, 29 N. Y. Supp. 722, is conclusive as to the correctness of the rulings of the learned trial judge.

It is claimed that the verdict for $10,000 is excessive. The jury found, on conflicting testimony, that the wife of the plaintiff, just prior to her injury, was a strong, healthy woman, about 38 years of age, and that ever since the injury she has been a confirmed invalid; that her health will not improve, and that during her future life she will be a burden to her husband, and not a comfort; that she never can be a wife to him again. The future damages to the plaintiff are, in a certain sense, speculative; and yet the law leaves it to a jury to decide the amount, in actions of this kind, provided such damages are reasonably certain. The preponderance of evidence is with the plaintiff as to the good health of his wife prior to her injury, and it appears that at the date of trial she was a physical wreck, and will always so continue. The verdict, though large, does not seem to us, in view of the evidence, to be the result of passion, prejudice, or sympathy. Judgment and order denying new trial affirmed, with costs.

---

(14 Misc. Rep. 405.)

### WATSON v. BROOKLYN CITY R. CO. et al.

(City Court of Brooklyn, General Term. November 25, 1895.)

NEGLIGENCE—KNOWLEDGE OF DANGER.

> One who in daylight undertakes, with full knowledge of the danger involved, to drive a horse over a temporary switch of a street railroad, into which granite blocks have been loosely thrown, will be *held* to have assumed the risk.

Appeal from trial term.

Action by Thomas Watson against the Brooklyn City Railroad Company and another for personal injuries and for injuries to plain-

tiff's horse. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Wood & Hill, for appellant.

Morris & Whitehouse, for respondents.

PER CURIAM. We think the judgments dismissing the complaint herein should be affirmed. Plaintiff sued for damages for injuries to himself and his horse, alleged to have been received while driving over a temporary switch, the rails of which were so laid, as he alleged in his complaint, that they "were hazardous and dangerous to drive a horse across." As to the defendant the Brooklyn City Railroad Company, it was plain that it was simply the lessor to the Brooklyn Heights Railroad Company of the tracks in question, and had nothing to do with the repairing and relaying thereof. It appeared that the Brooklyn Heights Railroad Company was engaged in relaying the tracks on Flushing avenue where the accident occurred. A temporary switch had been laid from the north to the south track, and granite blocks were "thrown in loosely, on the flat, just to fill up the vacancy there." Plaintiff started in broad daylight to drive over this switch. A portion of his evidence was as follows:

"Q. Were you looking down on the ground as you were driving along there? A. Well, I was looking out to see that my horse did not get catched. * * * Q. Were you looking ahead, or down on the ground, where your horse was stepping? A. Well, I was watching. I was sitting this way, and looking that way, to see if I could get him over very careful."

It appears from the evidence that, notwithstanding plaintiff's alleged care, his horse "stepped on a stone, and the stone turned up, and the heel of his shoe caught in another one of the bars [of the switch], and he pitched headforemost in trying to pick up his feet, and I went up against the upright that holds the top in front, and struck my face," etc. We think the evidence clearly shows that plaintiff deliberately attempted to drive over the track in question, with full knowledge of the danger. He voluntarily assumed the risk, and is himself alone responsible for the consequences.

Judgments appealed from affirmed, with costs.