MAURY'S TRUSTEE et al. v. FITZWATER et al.

(Circuit Court, D. West Virginia. August 6, 1898.)

1. VOID JUDGMENT — REVIVAL AGAINST HEIRS OF DECEASED PARTY — UNAUTHORIZED APPEARANCE BY ATTORNEY.
A man was made a party defendant by an amended declaration in ejectment, and an appearance by attorney was at the same time entered for him, though he was in fact dead. The case was afterwards revived against his heirs by consent of the attorney, who also waived process, and appeared for them, though without authority to appear for either the deceased or the heirs, neither of whom had any knowledge of the action. Held, that a judgment against the heirs was void.

2. SAME — PETITION TO VACATE — LACHES.
A court will not refuse to entertain a petition to vacate a void judgment because not filed until 11 years after the rendition of the judgment, where it was rendered against the petitioners as heirs, and they had no knowledge of its existence for several years.

3. REVIVAL — AUTHORITY OF ATTORNEY TO BIND HEIRS OF DECEASED DEFENDANT.
Where a defendant in ejectment has appeared by a duly-authorized attorney, on his death his heirs will be bound by the action of such attorney in consenting to a revival, waiving process, and entering appearance in their behalf.

This was a hearing on a petition to vacate a judgment entered herein in 1886 against the petitioners as heirs of Sela White and Andrew Claycomb.

Mollahon & McClintock, for petitioners.
James F. Brown and Eugene Massie, for defendants.

JACKSON, District Judge. The only question presented to the consideration of the court at this time arises upon the petition of Thomas J. White and others, filed in this cause some 11 years after the case had been tried at the bar of this court, to set aside a judgment rendered in it against the petitioners. The declaration of the plaintiffs in this cause was served upon Benjamin Fitzwater and others, and filed in the clerk's office of this court at July rules, 1884. At the time neither Sela White nor Andrew Claycomb were made parties defendant to these proceedings. At the November rules, 1884, an amended declaration was filed making additional parties defendants, among them the defendant Claycomb, but at this time neither White nor his heirs nor devisees were made parties. At the November term, 1884, an amended declaration was filed in court making Sela White a defendant with Andrew Claycomb, as joint owner, at which time J. M. McWhorter appeared as counsel for the defendants White and Claycomb to plead to the plaintiffs' declaration as amended. At the time this order was made in court it appears from the evidence that Sela White was dead. At the spring term, 1886, McWhorter, as counsel for Sela White and Andrew Claycomb, suggested the death of both of the defendants White and Claycomb, and waived process against the heirs of the deceased defendants, and agreed to appear and plead for them at the next term of the court. At the fall term, 1886, which was the next order, the case was revived, upon the motion of McWhorter, by an order of the court, against the heirs of Claycomb and White. In December, 1886, a trial was had, and judgment rendered in said action against part of the defendants, including petitioners, for a large boundary of land mentioned in the plaintiffs' declaration. The defendants, replying to this petition, claimed that one John E. Stewart was employed and authorized by Claycomb to employ counsel to represent him, and that, Claycomb having a joint interest with White in the lands, his action bound White, although it does not appear from the evidence in this case that White ever knew of the employment of McWhorter as counsel to represent him.

From the view I take of this case, I do not think there is sufficient evidence to establish the relation of attorney and client between McWhorter and White in his lifetime, or his heirs after his decease, and therefore every step taken by McWhorter in representing the interests of White or his heirs was absolutely without authority. The judgment of the court, as against a man at a time when he was dead of course amounts to nothing, even if he had been properly impleaded in the cause of action; but it is to be borne in mind that there was an effort to amend the declaration in ejectment in a very unusual way. The amendment sought to be made, in the way it was done, could only be done by the consent of the defendants, after they had cognizance of the pendency of the action.

After a suit is once instituted against a party who is properly before the court on process duly served, and the party dies before judgment is obtained against him, the judgment obtained after his death is void. The only mode and manner in which the suit could be

88 F.—49

further prosecuted would be to revive it against his heirs upon a scire facias sued out for that purpose. This was not done in this case, and inasmuch as there was no party representing the heirs of White who could consent to revive the suit against him, and there being no steps taken to sue out necessary legal processes to revive, it follows that any judgment taken, either against White, after he is dead, or against his heirs, who are not properly before the court, must be held to be void in law, and would not bind the parties sought to be impleaded. It is contended, however, that in this case, from the long lapse of time, the court should presume an acquiescence by the heirs of White. In the judgment of the court in this case, the court would not be authorized to act upon a presumption of this character unless an unusual delay occurred after the parties had notice of the judgment in the case.

It clearly appears that White in his lifetime knew nothing about the pendency of this action, nor did his heirs after his death have notice until long after the rendition of the judgment. The delay that occurred after the heirs became informed, of their interests in the property was not unreasonable. There was not such a delay as amounts to laches.

As to the petitioner Sarah C. Johnson, who derived her interest in the property from Claycomb, there can be no question, in my mind, that McWhorter was counsel for Claycomb, and represented his interests in the land in controversy; and he having, as the attorney of Claycomb, made him a party to the suit in his lifetime, his heirs must be bound by the action of McWhorter, as Claycomb himself would be. For this reason I am of the opinion that the petition of Sarah C. Johnson must be dismissed. It is to be regretted that a judgment of the court of the age of the one under consideration should have to be disturbed after a period of 11 years has transpired; but when it appears that parties have been deprived of their legal rights by the judgment of a court, before they were impleaded, it is far better that the parties should be restored to their rights, although the rights of other parties have in the meantime intervened.

For the reasons assigned I am of the opinion that the judgment in the case as to the petitioners should be set aside, and a further trial directed, as between the plaintiffs and these petitioners, at the bar of this court.