(114 App. Div. 801)

### CRECELIUS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

TRIAL—DISMISSING COMPLAINT ON MERITS—DIRECTION OF VERDICT—POWER OF COURT.

Where, at the close of all the evidence, defendant moved to dismiss the complaint, no motion being made for the direction of a verdict, and the court reserved its decision, and a verdict for plaintiff was rendered, the court, while authorized to dismiss the complaint, had no power to set aside the verdict and direct a verdict for defendant.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 373, 396, 397.]

Jenks, J., dissenting.

Appeal from Special Term, Queens County.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

George F. Hickey, for appellant.
William Hughes (James D. Bell, on the brief), for respondent.

HIRSCHBERG, P. J. The plaintiff was injured by a fall upon the sidewalk. The sidewalk was irregularly covered with gravel or broken stone, and had been in that condition for a long time. It is undisputed that the plaintiff knew of its condition, and her description as to how the accident occurred is limited to the statement that "my foot slipped from under me on the gravel that was there." No evidence on her part was given with reference to the degree of care which she was exercising or of any facts or circumstances from which an inference could be drawn that she was taking such precaution as might be deemed commensurate to the situation. At the close of the whole evidence the defendant moved to "dismiss the complaint for lack of affirmative proof that there was no contributory negligence; also upon the ground that the facts proved are insufficient to constitute a cause of action." No motion was made for the direction of a verdict. The court reserved its decision upon the motion which was made, and submitted the case to the jury. A verdict was rendered in favor of the plaintiff, and there-

after judgment was rendered dismissing the complaint upon the merits. The judgment contains this recital, viz.:

"The defendant having moved to dismiss the complaint and for the direction of a verdict at the close of the whole case, and decision thereon having been reserved, the court, having set aside the verdict of the jury, directed a verdict for the defendant."

The court was without power to render the judgment appealed from. It could dismiss the complaint. It could not destroy the cause of action. This was expressly decided in Levy v. Grove Mills Paper Co., 80 App. Div. 384, 80 N. Y. Supp. 730. See, also, Hoey v. Metropolitan Street R. Co., 70 App. Div. 60, 74 N. Y. Supp. 1113, therein cited.

The judgment should be modified, so as to render it a judgment of nonsuit, instead of upon the merits, and, as modified, the judgment and order should be affirmed, without costs.

WOODWARD and RICH, JJ., concur.

JENKS, J. I dissent. The action is for negligence. The plaintiff complains that, when walking in a city street, her foot slipped on gravel which the defendant had suffered to remain on the sidewalk and to cover it. The plaintiff selected this street for a pleasure walk in the evening. She had known of its condition before, and knew of it when she began her walk. She knew that the superficial gravel was not of the permanent construction, but was designed for use in macadamizing the street. She knew that it lay over the sidewalk, "flagging and all." She could not tell whether the layer was one or two inches thick. She could not walk on the flags at any time, because they were all thus covered. She knew that necessarily her chosen way was exclusively and continuously over this gravel, and she felt that she did not have a firm footing. Thus it appears that she voluntarily chose as a pleasure walk this way, fully apprised of its condition, and continued in it, conscious of the constant chance of the accident that befell her. Thus she did not enter upon a city street and during her journey encounter an obstruction or a place of defective condition; but she knowingly chose to enter upon a walk that was continuously and completely covered with this loose gravel, fully realizing at the time her peril of slipping with every step. She could not indulge in the presumption of security from slipping because she was fully conscious of that continuous danger. Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780. She deliberately chose her path with full knowledge of the danger that resulted in the injury, and I think that she is chargeable with contributory negligence as matter of law. See Watson v. Brooklyn Heights R. R. Co., 14 Misc. Rep. 405, 35 N. Y. Supp. 1039, affirmed 103 N. Y. 687; Neddo v. Village of Ticonderoga, 77 Hun, 524, 28 N. Y. Supp. 887; Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363.

The learned court, after the verdict, set it aside and directed the verdict for the defendant. At the close of the case the defendant did not move for a direction of a verdict, but for a dismissal of the complaint. The court reserved its decision and submitted the case generally to the jury. We may, however, consider this motion for the defendant as equivalent to a request to direct a verdict. Dillon v. Cockcroft, 90

N. Y. 649, 650. The direction was the proper procedure under the circumstances. Niagara Fire Ins. Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208; Harris v. Buchanan, 100 App. Div. 403, 91 N. Y. Supp. 484. The record is clear that the court did not dismiss the complaint at all. The judgment may be modified accordingly. Section 1317, Code Civ. Proc.

I think that the judgment and order should be affirmed, with costs.

PER CURIAM. Judgment modified, so as to render it one of nonsuit, instead of upon the merits, and, as modified, judgment and order affirmed, without costs. See opinion in Annie Crecelius v. City of New York (Sup. decided herewith) 100 N. Y. Supp. 314. All concur, except JENKS, J., who dissents.