who unlawfully and improperly interferes with his property rights, or who prosecutes him in the criminal courts from malicious or other improper motives. It must be an extreme case which would justify a court of equity in interfering by its process of injunction to restrain the regular and orderly attempts of public officers to enforce the criminal law, and the case must be one where such process is necessary to prevent a grave injustice and irreparable injury. Coykendall v. Hood, 36 Am. Dec. 558, 55 N. Y. Supp. 718. Whether a person has been guilty of criminal offense in violation of the statute cannot be determined in an equity action. Such guilt is to be determined in a common-law court by a jury, and the people, as well as the accused, have the right to have it so determined. Davis v. Am. Soc. for Prevention of Cruelty to Animals, 75 N. Y. 362; Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759.

The motion for a temporary injunction is denied, with costs.

---

### MESCHNECK v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. March 23, 1908.)

1. CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—ACTIONS—PRESUMPTIONS.

In an action for injuries to plaintiff while a passenger on an S. avenue car when on a bridge, it will not be presumed, in the absence of proof, that the defendant had exclusive possession of the tracks over the bridge.

2. SAME.

Where the evidence showed that plaintiff was injured in an accident while a passenger on a street car, plaintiff was entitled to invoke the doctrine of "res ipsa loquitur."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1283–1294.]

3. TRIAL—JUDGMENT—DISMISSAL ON THE MERITS.

Where the evidence showed that plaintiff was injured while a passenger on a street car, but did not show that the car belonged to defendant, and the case was dismissed without any evidence being offered by defendant, while the suit was properly dismissed, it was error to dismiss it on the merits.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Israel Meschneck against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

David Drechsler, for appellant.
F. R. Stoddard, Jr., for respondent.

JENKS, J. I think that the defendant was entitled to a dismissal of the complaint for the failure of the plaintiff to show that he was a passenger on one of the defendant's cars at the time of the alleged accident. The plaintiff pleaded that the defendant operated a certain

line of street railway, of which a part extended through the Williamsburgh Bridge, and that the accident happened when he was a passenger on one of the defendant's cars. The defendant admitted that it worked a railroad and that a part of its railroad extended through the Williamsburgh Bridge; but it denied that the accident happened while the plaintiff was upon one of its cars. The defendant offered no evidence, and at the close of the case the court dismissed the complaint on the merits.

The point now discussed was specifically raised on the motion made for dismissal at the close of the plaintiff's case. The plaintiff testified that he became a passenger on a Sumner avenue car and that the accident happened while the car was on the new bridge. But there was no proof that the Sumner avenue cars were owned or worked by the defendant. And there was no proof that the defendant corporation had the exclusive occupancy of the new or Williamsburgh Bridge. The rule applied by this court in Jennings v. Brooklyn Heights R. R. Co. (October 23, 1907) 121 App. Div. 587, 106 N. Y. Supp. 279, does not obtain, because the presumption is not (as in the case of a city street) that the possession of the tracks over the bridge by the defendant is exclusive. In other respects the plaintiff did not fail to establish a prima facie case, for he was entitled to invoke the rule of "res ipsa loquitur."

Although the court was not bound to find for the plaintiff on the evidence, it was not free to dismiss the plaintiff for failure to make out a case of negligence, save for the defect in proof which I have indicated. The dismissal could not be put upon the merits. Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565.

The judgment is modified by striking out the statement that it was upon the merits, and, as thus modified, it is affirmed, without costs. All concur.

