of the stream were not such as could be measured and appropriated within the statute but such as were, nevertheless, necessarily incidental to the work. The contractor in the case cited committed a trespass, because he used land which the state was not authorized to use. In the case at bar in following the state plan he necessarily obstructed the stream upon the state lands. This the state could do, subject only to its liability for incidental damages flowing therefrom. The contractor was protected by the right of the state The same distinction exists between the case of United Traction Company v. Ferguson Contracting Company, 117 App. Div. 307, 102 N. Y. Supp. 190, and the case at bar.

Another contention is that upon the state map there appears a ditch which it is claimed was intended to take care of the waters of Dead creek, and that therefore the state plan did not contemplate the obstruction of the waters of this creek, but made provision therefor. If so, the defendant cannot place its defense upon the right of the state to obstruct the waters, if it had so chosen. While the state maps were before us, and probably before the Trial Term, this ditch was nowhere referred to upon the trial or upon the argument, and upon the attention of counsel having been called thereto the following stipulation was made: "It is hereby stipulated that the following statement may be considered as added to the record on appeal herein: The ditch shown on sheets 3 and 4 of the plans of contract No. 27, near the edge of the land appropriated, marked four feet bottom and slope of sides one to one and a half, was on the original plan, but had no relation to nor connection with Dead creek; that thereafter it was abandoned, and the stakes were never set therefor for the contractor, and it was subsequently determined to take any streams crossing the canal under the canal by dive culverts and then ditches to Bond creek. This change of plan was made after the overflow for which the plaintiff claims damage. Dated November 17, 1908." Under this stipulation there was only one course for the court, and that was to assume that this ditch provided for in the plans was not intended to take care of the waters of Dead creek. Counsel now claims that he did not intend so to stipulate, and he presents proof to the effect that the original plan of this ditch was in fact to take care of the waters of Dead creek. Without this stipulation, however, I am doubtful whether the court should have made that assumption, however probable the facts seemed. As long as this ditch appearing upon the plan was not referred to on the trial nor in the argument in this court, it is probably fairer to all parties to let the case be retried, and upon the new trial it will be made clear by proof as to what was the purpose of this ditch. These views lead to the conclusion that the determination should stand. In the order denying motion for reargument plaintiff may insert a provision that he be relieved from his stipulation upon any new trial that may be had.

---

MEROVITZ, Respondent, v. MILLER et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) 114 N.Y.S.—72

Action by Daniel Merovitz against Morris Miller and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

MESCHNECK, Respondent, v. BROOKLYN, Q. C. & S. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 26, 1909.) Action by Israel Meschneck against the Brooklyn, Queens County & Suburban Railroad Company. No opinion. Judgment of the Municipal Court affirmed, with costs. See, also, 125 App. Div. 265, 109 N. Y. Supp. 594.

---

MERSEREAU, Respondent, v. WESTERN NEW YORK & P. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 6, 1909.) Action by William B. Mersereau against the Western New York & Pennsylvania Railroad Company and another.

PER CURIAM. Judgment affirmed, with costs.

McLENNAN, P. J., dissents, upon the ground that the agreement, if made, was in violation of the interstate commerce act, and therefore not enforceable.

---

MEXICO ONYX CO. v. KELLY. (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by the Mexico Onyx Company against David J. Kelly. No opinion. Motion denied, with $10 costs. Order filed.

---

MEXICO ONYX QUARRY CO., Respondent, v. KELLEY, Appellant. Supreme Court, Appellate Division, First Department. December 24, 1908.) Action by the Mexico Onyx Quarry Company against David J. Kelley. A. S. Bacon, for appellant. W. J. Dawley, for respondent. No opinion. Order reversed, with $10 costs and disbursements, and discovery ordered as prayed for in petition, with $10 costs. Settle order on notice.

---

MEXICO ONYX QUARRY CO., Respondent, v. KELLEY, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1908.) Action by the Mexico Onyx Quarry Company against David J. Kelley. A. S. Bacon, for appellant. W. J. Dawley, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

MIDDLETON, Appellant, v. MIDDLETON, Respondent. (Supreme Court, Appellate Division, First Department. January 22, 1909.) Action by Gilbert A. Middleton against Beatrice E. Middleton. J. G. Saxe, for appellant. No opinion. Judgment affirmed. Order filed.

---

In re MILLIKEN. (Supreme Court, Appellate Division, First Department. January 22, 1909.) In the matter of Seth M. Milliken. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.