PEOPLE ex rel. NOLAN v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term, Kings County. December 3, 1914.)

1. LIMITATION OF ACTIONS (§ 130*)—SUSPENSION—STATUTES—CONSTRUCTION.
Code Civ. Proc. § 405, provides that if an action is timely commenced, and the judgment is reversed without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, plaintiff may sue anew after the time limited, and within one year after such reversal or termination. Held, that where an action was begun in time, but at the trial the complaint was dismissed and exceptions directed to be heard in the first instance at the appellate division, and from an order there overruling the exceptions and dismissing the com-

plaint, an appeal was taken to the Court of Appeals, where the judgment was affirmed, the year within which plaintiff was entitled to begin a new suit, the general statute of limitations having run, began from the affirmance by the Court of Appeals.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 539, 545, 553–566; Dec. Dig. § 130.*]

2. MUNICIPAL CORPORATIONS (§ 1005*)—INVALID CLAIMS—CONSIDERATION BY COMPTROLLER—GREATER NEW YORK CHARTER—CONSTRUCTION.

Greater New York Charter (Laws 1901, c. 466) § 246, as added by Laws 1907, c. 601, authorizes the comptroller to certify for payment an invalid claim against the city, which in equity it ought to pay, but excepts and forbids payment of any claim barred by limitations. *Held*, that the statute of limitations referred to was not limited to the general period of limitation prescribed for the particular claim, unmodified by provisions suspending the operation of the statute in certain cases, and that it was therefore no bar to the duty of the comptroller to consider such a claim that, pending litigation thereon, the general statute of limitations had run, where plaintiff had a right by Code Civ. Proc. § 405, to begin a new action within one year, and sought to have the claim considered under the charter during such period.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1005.*]

3. JUDGMENT (§ 654*)—NATURE OF JUDGMENT.

Where a judgment did not state that a dismissal at the close of plaintiff's case was on the merits, and it did not appear from the judgment roll that it was so, it was not conclusive of the cause of action, as provided by Code Civ. Proc. § 1209.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1165; Dec. Dig. § 654.*]

4. TRIAL (§ 159*)—DISMISSAL OF COMPLAINT—CONSTRUCTION.

In a jury case a dismissal of the complaint is never more than a nonsuit; the proper practice, if defendant is entitled to a judgment on the merits as a matter of law, being for the trial justice to direct a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 359–367; Dec. Dig. § 159.*]

Application by the People, on the relation of William Nolan, for a peremptory writ of mandamus to compel William A. Prendergast, as Comptroller of the City of New York, to consider an illegal or invalid claim against the city. Motion granted.

Kellogg & Rose, of New York City, for relator.

Frank L. Polk, Corp. Counsel, of New York City (John F. Collins and Joseph L. Pascal, both of New York City, of counsel), for respondent.

BENEDICT, J. The only question requiring special consideration is whether the relator's claim was, at the time of the initiation of this proceeding, barred by the statute of limitations within the meaning of section 246 of the Charter of the City of New York, as added by Laws 1907, c. 601, which authorizes the comptroller to consider, and certify to the board of estimate and apportionment for payment, "an illegal or invalid claim against the city, but which, notwithstanding, in his judgment it is equitable and proper for the city to pay in whole or in part," and which further provides that "the provisions of this section shall

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not authorize the audit or payment of any claim barred by the statute of limitations."

The claim here in question is barred by the six-year limitation of the statute, unless it is saved by the provisions of section 405 of the Code of Civil Procedure, which reads as follows:

"Sec. 405. Provision Where Judgment has been Reversed.—If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits: the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

The cause of action on plaintiff's claim accrued not later than November 1, 1906. Action was commenced September 25, 1909. At the trial the complaint was dismissed, and the exceptions directed to be heard at the Appellate Division in the first instance. Upon the order of the Appellate Division overruling the exceptions, judgment dismissing the complaint was rendered January 18, 1912. This judgment was affirmed by the Court of Appeals January 27, 1914, and within a year thereafter this proceeding was brought.

[1] It seems to be conceded by the city that the period of a year provided for by section 405 of the Civil Code began to run on the rendition of the judgment of affirmance by the Court of Appeals, and not upon the rendition of the judgment of the Appellate Division (which was the first judgment rendered in the case). This view seems to be supported by Wooster v. Forty-Second St. & Grand St. Ferry R. R. Co., 71 N. Y. 471. The rule of that case, as applied to the case at bar, requires the court to hold that the action was terminated by the judgment of the Court of Appeals, rather than by the judgment of the Appellate Division.

[2] It is urged, however, that the reference to the statute of limitations in section 246 of the Charter means the general period of limitation prescribed for any particular class of actions (in this case six years), unmodified by any of the provisions which suspend the running of the statute in certain cases. I do not think the charter provision will bear that construction. It excludes from the operation of section 246 of the Charter claims "barred by the statute of limitations." Under such language the test is, as it seems to me, this: If the relator had commenced an action at the time he instituted this proceeding, would the statute of limitations have been a good defense? It matters not that there might have been other valid defenses, such that he could not possibly have succeeded in any action, yet if the statute of limitations would not be a defense, the claim is not barred by the statute. And in this case, for the reasons already stated, the statute would not be a defense to a new action for the same cause as the action heretofore terminated as above set forth.

[3, 4] It is also urged that the dismissal was upon the merits. The case was tried before the court and a jury, and the complaint dismissed at the end of plaintiff's case, although some evidence for the defend-

ant had been heard by consent out of its proper order; but the defendant, in interposing such evidence, expressly reserved the right to move for a dismissal at the close of plaintiff's case. The judgment does not state the dismissal was on the merits, nor does it appear from the judgment roll that it was so. Hence it is not conclusive. Code Civ. Proc. § 1209. Furthermore, in a case tried by a jury, a dismissal of the complaint is never more than a nonsuit. If the defendant is entitled to a judgment on the merits as matter of law, the proper practice is for the trial justice to direct a verdict. Niagara Fire Ins. Co. v. Stores, 101 App. Div. 400, 92 N. Y. Supp. 208, affirmed 184 N. Y. 582, 77 N. E. 1192; Stokes v. At. Ave. N. R. Co., 89 Hun, 2, 34 N. Y. Supp. 1051. In this case we cannot assume, as suggested in the former of the two cases last cited, that the trial justice intended to direct a verdict for the defendant, for his own language, as quoted in the opposing affidavit on this motion, expressly negatives that inference. He said: "It is a pure dismissal." The extracts from the minutes contained in said affidavit show clearly that the motion was a motion for a dismissal made at the close of plaintiff's case, and not at the close of all the evidence, and was intended only as a nonsuit.

The mandamus to be issued should direct the comptroller "to consider the claim in question, and if in his judgment it is equitable and proper for the city to pay the same in whole or in part, notwithstanding it is an illegal or invalid claim, to so certify to the board of estimate and apportionment." People ex rel. Dady v. Prendergast, 203 N. Y. 1, 7, 96 N. E. 103, 104. As shown by this case, the court has no power, and it certainly has no disposition, to require the comptroller to approve the claim for payment. It merely directs him to consider it on its merits.

The motion for a peremptory writ of mandamus should be granted.