## QUEREAU v. LEHIGH VALLEY R. CO.

### (District Court, N. D. New York. June 22, 1918.)

1. **Jury** ⊙⇒34(3)—**Denial of Right—Directed Verdict.**

In action at law, where the parties are entitled to a jury trial, the court may not itself pronounce verdict for either party, except on consent, even though it may instruct the jury that the evidence establishes a fact involved and direct a finding to that effect.

2. **Courts** ⊙⇒40—**Validity of Acts—Excess of Jurisdiction.**

An act done or an order made by the presiding judge or court in the course of a trial is void, if the court or judge had no jurisdiction to do that particular thing or make that particular order, even though it had jurisdiction of the parties and the case.

3. **Trial** ⊙⇒169—**Nonsuit—Effect.**

The granting of a nonsuit and dismissal of a complaint in an action at law is but a nonsuit, and if upon all the evidence the plaintiff has not established a cause of action, the proper disposition is to direct a verdict for defendant.

4. **Judgment** ⊙⇒570(5)—**Conclusiveness—Judgment on Merits.**

In view of Code Civ. Proc. N. Y. §§ 841b, 963, 964, 968, 1204, 1209, 1237, a judgment of a state court, dismissing a complaint and directing a nonsuit in an action for wrongful death is not a judgment on the merits, which would bar a second action, notwithstanding the order and judgment stated that plaintiff's intestate was guilty of contributory negligence, ior plaintiff was entitled to a verdict on such matters, and the court, while it might direct the same, could not pronounce it.

At Law. Action by Dora E. Quereau, as executrix, etc., of Wilson R. Quereau, deceased, against the Lehigh Valley Railroad Company. On defendant's motion for nonsuit, and dismissal. Motion denied.

This is a motion, at close of the plaintiff's case, and after the introduction by defendant of a certain order and judgment dismissing a former action in the Supreme Court of the state of New York between the same parties for the same cause, for a nonsuit and dismissal of this action, and a direction of a verdict for the defendant, on the grounds: (1) That the plaintiff has not proved a cause of action; (2) that the evidence established the defense, duly pleaded, of contributory negligence on the part of plaintiff's testator; and (3) that the evidence establishes a prior adjudication in the state court between the parties, which is a bar to this pending action in the United States court.

Peter B. Cole and Thomas Woods, both of Syracuse, N. Y., for plaintiff.

John M. Brainard, of Auburn, N. Y., and Wm. H. Harding, of Syracuse, N. Y., for defendant.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge (after stating the facts as above). This is an action in the United States District Court, brought by the plaintiff, as executrix of the last will and testament of her deceased husband, to recover damages for his death, caused by the alleged negligence of the defendant. The action is brought under the provisions of sections 1902, 1903, and 1904 of the Code of Civil Procedure of the state of New York, giving a right of action in such cases.

After the death of plaintiff's testator and the appointment of this plaintiff as executrix, etc., she brought an action under said sections of the Code of Civil Procedure to recover damages for the death of the testator in the Supreme Court of the state of New York against this defendant. The defendant filed and served its answer, denying negligence on its part, and as a defense alleging contributory negligence on the part of the plaintiff, contributing to the accident, injury, and death. The action and issues thus formed were brought to trial in Cayuga county, N. Y., where the venue was laid, before Mr. Justice Sawyer and a jury, and at the close of plaintiff's case, and before any testimony had been given on the part of the defendant, defendant moved for a nonsuit and a dismissal of the complaint and action. There was no request by either party for a direction of a verdict, and no waiver of a jury trial or submission of the case by the plaintiff to the determination of the court, and the motion did not request a dismissal on the merits. The motion was opposed, and after argument the court said in substance that it was satisfied the evidence was sufficient to take the case to the jury on the question whether or not the defendant at the time of the accident was guilty of negligence which was the proximate cause of the accident and death, but that it was also of the opinion, and held, that the evidence offered by the plaintiff, aided, of course, by the cross-examination of plaintiff's witnesses, proved as matter of law that plaintiff's testator was guilty of contributory negligence, that is, negligence contributing to the accident, injury, and death, and that plaintiff could not recover; that is, that on plaintiff's evidence in the case the defense of contributory negligence had been established and made out, and that the court so held as matter of law.

The plaintiff duly requested to go to the jury on the question of defendant's negligence, and also on the question of the contributory negligence of the plaintiff's testator, as well as that of damages; but the court denied these requests, and granted the motion for a nonsuit and to dismiss, and plaintiff duly excepted. The judge made no other findings, and neither signed nor filed any findings. Later an order granting the motion for a nonsuit and to dismiss the complaint was entered, duly signed by the judge, and thereupon a formal judgment was entered, granting the motion for a nonsuit and dismissal, and dismissing the complaint, with costs, duly taxed and entered therein, and this judgment was signed by the clerk. The evidence taken and remarks of the court or judge presiding at the trial and above referred to were not filed with or attached to either the order or the judgment. Neither the order of dismissal nor the judgment refers to or states the particular ground on which Mr. Justice Sawyer dismissed the suit,

nor does either state it was dismissed on the merits. Both the order and the judgment state the grounds of the motion, viz.:

"That the cause of action pleaded in the complaint had not been established; (2) that the defendant had not been shown negligent; (3) that the defendant's negligence was not the proximate cause of the accident; and (4) that plaintiff's intestate was guilty of contributory negligence."

The material part of the order and judgment is:

"Ordered, that the plaintiff's complaint be dismissed, and that plaintiff be nonsuited."

There was no motion to dismiss on the merits. The costs so awarded by that judgment have not been paid.

Thereafter this action was brought by the same plaintiff against the same defendant on the same cause of action for the same purpose. To all intents and purposes the pleadings in this action are the same as those in the action in the state court, except that here such former proceedings in the state court, including the order and judgment, are pleaded as a defense and in bar of this action. I find and hold here that the plaintiff's evidence on the question of defendant's negligence and of the contributory negligence of the plaintiff's testator on this trial is such as to require a submission of these questions to the jury.

[1-4] Is such prior order and the judgment pursuant thereto a bar to this action and to plaintiff's recovery here, if the jury should find for the plaintiff on the other issue mentioned? Section 841b of the Code of Civil Procedure of the state of New York provides:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

Section 1209 of the New York Code of Civil Procedure also provides:

"A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it [the judgment] expressly declares, or it appears by the judgment roll, that it [the judgment] is rendered upon the merits."

In this case the judgment does not declare, expressly or otherwise, that the same is rendered upon the merits, and, as stated, there was no motion to dismiss on the merits. Does it appear by the judgment roll that it was rendered upon the merits? By section 1204 of the New York Code of Civil Procedure it is also provided that a judgment "may grant to a defendant any affirmative relief to, which he is entitled." Section 1237 of the Code of Civil Procedure prescribes of what a judgment roll shall consist, and the papers contained therein, if the judgment itself does not expressly state that the complaint or action was dismissed on the merits, are to determine whether or not the complaint and action were in fact dismissed on the merits. The section last referred to (section 1237) says:

"The clerk, upon entering final judgment, must immediately file the judgment roll, which must consist, except where special provision is otherwise made by law, of the following papers: The summons; the pleadings, or copies thereof; the final judgment, and the interlocutory judgment, if any,

or copies thereof; and each paper on file, or a copy thereof, and a copy of each order, which in any way involves the merits, or necessarily affects the judgment. If judgment is taken by default, the judgment roll must also contain the papers required to be filed, upon so taking judgment, or upon making application therefor, together with any report, decision or writ of inquiry, and return thereto. If judgment is taken after a trial, the judgment roll must contain the verdict, report, or decision; each offer, if any, made as prescribed in this act, and the exceptions or case then on file. Upon an appeal to the Court of Appeals from a judgment or order of the Appellate Division of the Supreme Court, the opinion of the Appellate Division, if any, shall, for the purposes of the appeal, be deemed to be a part of the judgment roll or appeal papers."

The action in the state court between these parties was an action at law, in which the parties were entitled to a jury trial, and the verdict of the jury on each and every material question of fact involved and at issue. True, the court must decide all questions of law, and may say to the jury this evidence establishes a fact involved, or the questions of fact involved and claimed, and may so instruct the jury, and direct the jury to so find the fact or facts, or to find a verdict for the plaintiff or for the defendant, as the case may be; but in an action at law the court may not itself pronounce the verdict for either party, except on consent. Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565. In that case the court held:

"The judge presiding at a jury trial has no power, at the close of all the evidence, to dismiss the complaint 'upon the merits,' as such a dismissal substitutes the court for the jury in passing upon a question of fact, and thus impairs the right of trial by jury."

This case is followed in Meschneck v. Brooklyn, Q. C. & S. R. Co., 125 App. Div. 265, 266, 109 N. Y. Supp. 594. Harris v. Buchanan, 100 App. Div. 403, 91 N. Y. Supp. 484, holds the same as does Creccelius v. City of New York, 114 App. Div. 801, 100 N. Y. Supp. 314.

It appears from the papers in the case in the state court, assuming that the stenographer's minutes and statement of the presiding judge contained therein, but not filed, may be regarded as a part of the judgment roll, that it was a jury case, one in which the defendant was entitled to a verdict of the jury duly impaneled and sitting in the case. Clearly the court had the right, on the evidence in the case when the plaintiff rested, to direct a verdict in favor of the defendant on the ground the defendant from the direct and cross examination of plaintiff's witnesses had proved that the plaintiff's testator was guilty of contributory negligence, that is, negligence contributing to the injury and death, or that the plaintiff herself had proved it. This the court did not do, and was not requested to do. Did the court or judge have power or jurisdiction to take that question from the jury and decide it as matter of law, and thereby make its or his decision and the judgment entered thereon a decision or determination of the case on the merits? Was the court in so doing acting in excess of its jurisdiction? To make the decision an adjudication "on the merits," was it necessary to direct the jury to find a verdict and enter it, and then have judgment entered accordingly, based on such verdict?

The court had jurisdiction of the parties and of the subject-matter, and to preside at the trial and pass on and determine all questions of

law, but not those of fact, which were for the jury to decide, and a jury trial requires and demands that the verdict of the jury be taken. An act done or an order made by the presiding judge or court in the course of a trial is void, if the court or judge had no jurisdiction to do that particular thing or make that particular order in the case, even if the judge or court had jurisdiction of the parties and of the case. In re Bonner, 151 U. S. 242, 254, 14 Sup. Ct. 323, 38 L. Ed. 149. Acts in excess of jurisdiction are void; but, if the power to decide is conferred on and resides in the court, then a wrong decision is mere error to be corrected on appeal.

Perhaps the question here may be summarized thus: In a jury case, can the court itself, except on consent, decide the case, the questions of fact, on the merits? Section 963 of the New York Code of Civil Procedure declares that:

"Issues are of two kinds: (1) Of law, and (2) of fact."

And section 964 declares that an issue of law arises "only upon a demurrer." Section 968 declares that:

"In each of the following actions, an issue of fact must be tried by a jury unless a jury trial is waived, or a reference is directed: 1. An action in which the complaint demands judgment for a sum of money only."

These provisions settle the proposition that a trial by jury was of right in the action in the Supreme Court above referred to. This the plaintiff would not have, if the court took the decision of the question of fact from the jury and itself decided it on the merits. This has nothing to do with the power of a court to direct the jury to find a certain verdict, for this the court did not do. If the court did assume the power to itself decide the facts, and direct a nonsuit and dismissal of the complaint, and a judgment for the defendant accordingly on the merits, it did something not sanctioned by the Code of Civil Procedure. What is a trial and verdict or decision on the merits?

The granting of a nonsuit and dismissal of a complaint in an action at law is but a nonsuit, and "if upon all the evidence the plaintiff has not established a cause of action the proper disposition of the case is to direct a verdict for the defendant." Niagara Fire Insurance Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208, affirmed 184 N. Y. 582, 77 N. E. 1192. The above case also holds:

"In an action at law a dismissal of the complaint does not determine the merits of the action."

See, also, People ex rel. Nolan v. Prendergast, 88 Misc. Rep. 307, 310, 150 N. Y. Supp. 683, 686, where it is held:

"Furthermore, in a case tried by a jury, a dismissal of the complaint is never more than a nonsuit."

See, also, Stokes v. Altantic Av. R. N. Co., 89 Hun, 2, 34 N. Y. Supp. 1051; Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565; Martin v. Wermann, 107 App. Div. 482, 95 N. Y. Supp. 284; Meschneck v. Brooklyn, etc., 125 App. Div. 265, 109 N. Y. Supp. 594. See, also, Bail v. N. Y., N. H. & H. R. Co., 201 N. Y. 255, 357, 94 N. E. 863. But see, contra, Ordway v. B. & M. R. Rd., 69 N. H.

429, 45 Atl. 243, a New Hampshire case, not under the New York Code of Civil Procedure. In Bail v. N. Y., N. H. & H. R. Co., 201 N. Y. at page 357, 94 N. E. 863, the court said:

"We agree with the contention of the plaintiff's counsel that the court had no power to dismiss the complaint upon the merits, and in so far as the dismissal upon the merits is concerned the judgment should be modified, by striking therefrom the words 'on the merits.'"

It cannot be assumed or presumed in this case that Judge Sawyer intended to do or did a thing he had no power to do. In the Bail Case a motion to dismiss was duly reserved until after verdict, and then granted.

In Peterson v. Ocean Electric Ry. Co., 214 N. Y. 43, 45, 108 N. E. 199, the plaintiff sued to recover damages for personal injuries and had a verdict, and an appeal was taken to the Appellate Division. At the Trial Term there was a motion made to dismiss, but *not to dismiss on the merits.* Section 1317, New York Code of Civil Procedure, provides:

"Upon an appeal from a judgment or an order, the Appellate Division of the Supreme Court, or Appellate Term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties. It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing. When a trial has been before a jury, the judgment of the appellate court must be rendered either upon special findings of the jury or the general verdict, or upon a motion to dismiss the complaint or to direct a verdict. A judgment affirming wholly or partly a judgment, from which an appeal has been taken, shall not, expressly and in terms, award to the respondent, a sum of money, or other relief, which was awarded to him by the judgment so affirmed. After hearing the appeal the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The Appellate Division reversed the judgment and dismissed the complaint, but not on the merits. It was contended this would operate as a dismissal on the merits, but the Court of Appeals held:

"The plaintiff argues that the motion to dismiss the complaint, if granted at the Trial Term, would have resulted in a nonsuit only; that a nonsuit would not bar another action, but that the judgment of the Appellate Division, because characterized in the statute as final (Code Civ. Proc. § 1317), extinguishes the plaintiff's right forever. The judgment before us leads to no such consequences. It is not a judgment on the merits. It merely dismisses the complaint. We do not doubt that the Appellate Division has the power to direct judgment on the merits in any case where a motion for that relief has been made at the Trial Term and has been erroneously denied. In this case, however, the only motion was for the dismissal of the complaint, and the judgment of the Appellate Division is no broader than the judgment of nonsuit which was asked for at the trial. It is final, because it is not interlocutory. It puts an end to this action, but another action is not barred. Code Civ. Proc. §§ 405, 1209."

Consequently the dismissal by Judge Sawyer was not on the merits. It follows that in the action in the state court referred to, as it was

a jury case and tried before a jury, and no verdict was directed or rendered, and there was no motion to dismiss on the merits, the granting of a nonsuit and dismissal of the complaint, although accompanied by the statement of the judge that the plaintiff's evidence showed the plaintiff's testator was guilty of contributory negligence, and therefore the nonsuit was granted and the action dismissed, was not a decision on the merits, and the judgment is not a bar to this action, as it was a nonsuit merely, and a judgment pursuant thereto, and not a trial and judgment on the merits.

The motion is denied.