GEO. S. BUSH & CO., INC. v. UNITED STATES

No. 5152.—Invoices dated Nagasaki, Japan, June 19, 1935, etc.
Entered at Seattle, Wash., July 11, 1935, etc.
Entry Nos. 166, etc.

(Decided March 5, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil* and *William J. Vitale*, special attorneys), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable value of certain rubber-soled canvas-topped shoes imported from Japan and entered at the port of Seattle in July and March, 1935.

At the hearing, held at New York on May 1, 1940, counsel for the Government moved to dismiss these appeals on the ground that they had previously been abandoned, and the entries liquidated by the collector. Decision on the motion was reserved by the trial judge and time allowed counsel for filing briefs.

The facts are not disputed. The appeals originally appeared on the Seattle docket of February 14, 1936, at which time the then attorney of record, John P. Hausman, requested that they be suspended, which request was granted. At the same time that the request was made for suspension, said Hausman requested that three other reappraisement appeals of his be transferred to New York, and that Carl W. Stern be notified of the transfer, which request was granted. Through a mistake on the part of someone in the Reappraisement Division of this court, the two suspended appeals now before the court were docketed in New York with the other three reappraisement appeals in the name of Carl W. Stern as attorney.

Thereafter, the said five appeals appeared on New York dockets several times, and on October 11, 1937, were abandoned by one Harry M. Farrell and subsequently dismissed by the court, the entries being later liquidated in February, 1938.

Subsequently the error was brought to the attention of the then Acting Presiding Judge Brown, who, on December 19, 1939, made the following order restoring the cases to the Seattle docket:

UNITED STATES CUSTOMS COURT

| Geo. S. Bush & Co., Inc.,<br>(Mitsubishi Shoji Kaisha, Ltd.)<br>Plaintiff,<br>v.<br>United States,<br>Defendant. | REAPPRAISEMENTS 111822–A/2527<br>111821–A/2526<br>on<br>Cotton Shoes, Rubber Soled |
| --- | --- |

John P. Hausman (George R. Tuttle of counsel) for the plaintiff.
Webster J. Oliver, Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.
In Chambers, December 19, 1939.

Before Brown, Acting Presiding Judge: It being called to the attention of the court that these two reappraisements were inadvertently and erroneously included in an order transferring three other reappraisements of the same name for trial

in New York and were afterwards defaulted by abandonment and judgment issued by mistake sustaining the appraised value when it was intended that the above two reappraisements should be suspended under Reappraisement 106622–A, the judgment including therein reappraisements 111821–A and 111822–A is therefore hereby corrected and those two cases are restored to the pending file to be placed upon the next Seattle Docket. The Collector of Customs and the attorneys concerned will be notified of the passage of this order. The Collector of Customs is hereby ordered to return the entry papers in 111821–A and 111822–A to this court after cancelling the liquidations therein.

Dated: New York, N. Y. December 19, 1939.

Geo. Stewart Brown
*Acting Presiding Judge.*

The aforementioned motion of Government counsel to dismiss was made on the ground that said order of Acting Presiding Judge Brown was null and void, inasmuch as the liquidation of the entries had already taken place.

It further appears from the testimony of witnesses John P. Hausman, Victor D. Harlowe, S. S. Birks, and George R. Tuttle, that, after the appeals were originally ordered to be suspended, the then attorney of record, John P. Hausman, received no further notice from this court in regard to the cases.

Meanwhile, on April 14, 1936, Lawrence & Tuttle were retained to handle the importer's litigation covering imported shoes, which employment did not specifically relate to the within appeals but to the reappraisement issue on such merchandise.

In 1939, upon the conclusion of favorable litigation involving similar merchandise (Reap. Dec. 4444 and 4570), inquiry was made by Lawrence & Tuttle as to what appeals there were other than those of which the firm had a record. Subsequently inquiry was made to the clerk of the court as to the docket history of the two appeals here in issue, to which a reply was made on October 2, 1939. Whereupon the then Presiding Judge issued the order hereinbefore set forth restoring the cases to the docket, and early in 1940 Lawrence & Tuttle appeared as attorneys of record with the consent of the original attorney of record, John P. Hausman.

Accordingly, the question at issue is whether the within appeals are validly before me for reappraisement purposes, notwithstanding the alleged liquidation of the entries.

In the recent case of *United States* v. *European Trading Co.*, 26 C. C. P. A. 103, C. A. D. 1, the Court of Customs and Patent Appeals laid down the general principle that so long as a court decision in a reappraisement appeal had not become final, the appeal was to be deemed to be still pending, and that any purported liquidation by a collector was *ultra vires* and therefore null and void. In its decision the appellate court said:

. At the time of the liquidations here involved, neither the original appraisement nor the reappraisement made by Judge Sullivan was before the collector for action

thereon, because the importer's appeal to reappraisement was still pending before the Customs Court.

So long as the right of appeal existed to review the decision of the Second Division dismissing said application for review, the decision of said Second Division did not become final and conclusive, and neither can Judge Sullivan's decision become final and conclusive until the decision of the Second Division becomes final and conclusive. This the statute in express words prescribes, and no authority need be cited in support of this proposition. It necessarily follows that until there was a decision upon appellee's appeal to reappraisement which had become final and conclusive, said appeal to reappraisement was pending; *there was no final appraisement of the merchandise involved, and the collector had no jurisdiction whatever to liquidate the entries. Therefore his liquidations were null and void, not merely voidable, and the motion of appellee to dismiss the Government's appeal herein is denied.* [Italics mine.]

From the above it must necessarily follow that inasmuch as the two present appeals had been suspended by this court and never legally removed from the suspended files, they were still pending at the time the collector attempted to liquidate the entries. Therefore the liquidation was null and void.

In the case of *City of Hankow* v. *United States*, T. D. 38467–G. A. 8362, 38 Treas. Dec. 573, where this court (then the Board of General Appraisers) had rendered a decision adverse to the importer without first giving it an opportunity to present its evidence, a subsequent liquidation based on said decision was held to be void. See also *United States* v. *Kuyper & Co.*, 15 Ct. Cust. Appls. 4, T. D. 42129.

It is of course true, as pointed out by counsel for the Government in his brief filed herein, that in the first-cited case protest was filed against the liquidation, which was also true in the other case cited above. From this counsel for the Government argues that in the instant cases the only proper remedy for the importer was to have filed such a protest alleging illegality. In the instant cases, however, the appeals in question were abandoned by a New York attorney who had no authority to represent the importer in these cases which had already been suspended by this court. Presumably the notice of the dismissal following the unauthorized abandonment was served on the said New York attorney, Mr. Farrell. In the meantime the importer at Seattle had no knowledge of any disposition of his cases other than their suspension pending decision in a test case. He certainly was deprived of his day in court due to the mistake on the part of certain officials of this court, which error is admitted by counsel for the respective parties hereto.

It is a well-established principle of law that a court always retains power to correct its judgments when the errors therein may have been due either to fraud or a mistake made by the court itself or by its officials, or when such judgments are rendered in excess of the authority of the court. Moreover, judgments obtained as a result of

such irregularities are not merely voidable but are void and of no legal effect. *Maury's Trustee* v. *Fitzwater*, 88 Fed. 768; *Ex parte Crenshaw*, 40 U. S. 119; *Valley* v. *Northern F. & M. Ins. Co.*, 254 U. S. 348; *United States* v. *Williams*, 67 Fed. 384; *Quereau* v. *Lehigh Valley R. R. Co.*, 251 Fed. 986; *Phillips* v. *Negley*, 117 U. S. 665.

Section 501 of the Tariff Act of 1930, and the rules of this court made in pursuance thereof, set forth fully the procedure governing reappraisement appeals in general and suspended appeals in particular. In the instant cases it is clear that the two reappraisement appeals in question were properly suspended and were never legally removed from the suspended files of this court and placed on a docket of this court until docketed for the present hearing by order of the then Acting Presiding Judge Brown. But in the meantime the said appeals were erroneously docketed, abandoned by an unauthorized attorney, and improperly dismissed, and the entries subsequently illegally liquidated by the collector. All of this happened without any notice to the importer or his authorized attorney, the decision of McClelland, P. J. never having been published nor a copy of said decision and judgment mailed to said attorney. The latter therefore had no chance to move for a rehearing after dismissal.

On the entire record I therefore deny the motion of counsel for the Government to dismiss these appeals for lack of jurisdiction, and hold as a matter of law that the order of Acting Presiding Judge Brown restoring the cases to the docket of this court was valid and proper under the circumstances herein.

Coming now to the merits of the reappraisement appeals.

At the second hearing, held before me at New York on May 1, 1940, the following colloquy took place:

Mr. TUTTLE.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I offer to stipulate with the Government, subject to whatever motion the Government cares to make, the following:

That as to all of the merchandise covered by each of these invoices the market value or price at the time of exportation at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States plus, when not included in such price, the cost of all containers and coverings, and all other charges and expenses incident to putting the merchandise in condition ready to be shipped to the United States was the invoice unit price, packed; that at the time of exportation there was no higher foreign value for this merchandise, and that the appraisement made under the authority of the Presidential Proclamation published in T. D. 46158 was not applicable to the said merchandise, based upon the decision in Reappraisement Decisions 4444 and 4570.

Is that agreeable to the Government?

Mr. WEIL. The Government so stipulates with the understanding, however, that it doesn't waive its right to make a motion to dismiss.

On the agreed statement of the facts I follow the cited decisions and find and hold that the dutiable values of said merchandise are the unit invoice prices thereof, packed.

Judgment will be rendered accordingly.