(C.D. 2424)

Cavalier Shipping Co., Inc. *v.* United States

United States Customs Court, Third Division

(Decided December 23, 1963)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*James F. O'Hara* and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before Donlon and Richardson, Judges

Richardson, Judge: The merchandise involved in the protest at bar consists of plywood, which was imported at Norfolk, Va., from Japan, and advanced in value on appraisement. The involved entries, 72 and 2443, were the subject of reappraisement appeals (R58/16376 and R58/16886, respectively) that were dismissed for nonappearance of the plaintiff and lack of prosecution at the February 26, 1959, Norfolk docket pursuant to an order signed by a single judge on March 30, 1959 (initial No. R58/16374). When the instant protest covering these entries was called for trial, counsel for the defendant

moved for a dismissal of the protest on the ground of untimeliness, pointing out from the record that the subject liquidations were made on June 4, 1959, and that the protest at bar was filed on March 10, 1960, more than 60 days after the liquidations in question.

It is claimed in the protest that the involved liquidations are void by reason of the improper dismissal of the aforesaid reappraisement appeals, arising from the fact that notice of the reappraisement hearings was not given to the attorneys of record for the plaintiff-importer therein. The defendant contends that, notwithstanding the claim made, the instant protest should have been filed within 60 days of the liquidations in order for the plaintiff-importer to avail itself of such claim, and that its failure so to do necessitates dismissal of the protest.

The question is whether the involved liquidations are "void," as claimed in the protest. There can be no doubt that if the plaintiff-importer appeared by counsel in the litigation heretofore instituted by it on the reappraisement side of this court, notice of a hearing in that litigation should have been given to the attorney or attorneys of record. *Rule 3(n), Rules of the United States Customs Court.* The unfairness of a contrary conclusion can readily be seen in the fact that unless such notice is given, an appellant and his counsel would be lulled into a false sense of security regarding the pendency of the appeals and be unprepared for any premature liquidations of the entries covered thereby and resulting from their default in the reappraisement proceedings. *Geo. S. Bush & Co., Inc.* v. *United States,* 6 Cust. Ct. 820, Reap. Dec. 5152. But it will be observed that the decision supporting the judgment of dismissal in the aforementioned reappraisement appeals notes that the plaintiff-importer was not represented by counsel, and that due and timely notice of hearing had been given to the plaintiff-importer.

Against this background and in support of the plaintiff's contention herein, counsel for the plaintiff has called our attention in the memorandum of law to the contents of the involved appeals, pointing out that on each of these appeals appears the notation: "PLEASE SEND NOTICES TO: LAWRENCE & TUTTLE    351 California Street    San Francisco 4, Cal." This is followed by a reference in the memorandum to the calendar numbers on the reappraisement calendar at Norfolk where the subject appeals were dismissed, as indicating that no notices went out to the attorneys of record. The conclusion urged upon us by counsel for the plaintiff from these alleged facts is that the failure of the court to give notice of the hearings to plaintiff's attorneys, Lawrence & Tuttle, constitutes a denial of due process when the appeals were dismissed on the calendar call for lack of prosecution.

We deem it unnecessary for us to here pass upon the sufficiency of the aforementioned notation as evidencing an appearance by counsel, be-

cause an examination of the involved reappraisement appeals reveals that no such notation is contained on either of them. In fact, all that appears on each of these appeals by way of signature is the signature of the importer of record as follows: CAVALIER SHIPPING Co., INC. P.O. Box 326, NORFOLK, VA. Consequently, no occasion was presented by the signatures on these appeals for the court to note the appearance of counsel, or to give notice of the hearings to anyone other than the importer of record. Therefore, the dismissal of the appeals upon notice to the importer of record, as the record indicates, was proper. Inasmuch as the plaintiff has wholly failed to establish that the involved liquidations are void, as claimed in the protest, the protest must be dismissed for untimeliness, in that it was filed more than 60 days after legal liquidations of the subject entries were made. The defendant's motion is granted.

Judgment will be entered accordingly.